Harold Fain was convicted of sexual abuse in the first degree in violation of § 13A-6-66, Code of Alabama 1975, and sodomy in the first degree in violation of § 13A-6-63, Code of Alabama 1975, upon the person of his stepdaughter. He was sentenced to 10 years' imprisonment for sexual abuse and life imprisonment for sodomy, with the sentences to run concurrently. On appeal, he raises one issue: Whether the court erred in admitting the testimony of one Judy Isom regarding incriminating statements made by the appellant to her.
The testimony of the victim in this case was that her stepfather had been committing oral sex upon her and requiring her to commit oral sex upon him for a period of three years past. The 13-year-old victim had asked her grandmother whether she could get pregnant from such conduct. From that inquiry a conversation ensued and the grandmother called the police. The complaint was referred by the police department to the Department of Pensions Security and became the case of a social worker named Judy Isom.
Mrs. Isom interviewed the 13-year-old girl and ascertained what the facts were from her and also that her natural father had committed the same kind of acts with her. Mrs. Isom then requested that the girl's mother, her natural father, and her stepfather come to her office. The three of them did so and the appellant Fain made a statement to Mrs. Isom that he had performed oral sex upon his stepdaughter and discussed with Mrs. Isom his sexual contact with the child over a holiday weekend. This testimony was admitted into court over objection of counsel. The question is whether the statement should have been excluded on the doctrine that it ran afoul of the principles of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694 (1966). We find that the statement was admissible.
The rationale of Miranda is to preclude admission into evidence of statements forcibly extracted from prisoners. The reading of the Miranda warnings to persons subjected to custodial police interrogation is intended to enable them to refuse to give statements which might be *Page 1056 
sought to be extracted by force, or by false promises or trickery. It is undisputed in this case that social worker Isom did not read Miranda warnings to either the victim's mother or the two men. We observe first from the record that appellant Fain was not in custody at the time he made his inculpatory statement to Mrs. Isom. Although he had been requested to come to her office, he did not have an appointment but rather showed up of his own free will. It appears from the record that he was not physically deprived of his freedom of action in any significant way. Neither was he in a position where he could reasonably have believed that his freedom of action was restricted. "The Miranda warning is required only when there has been such a restriction on a person's freedom as to render him `in custody'." Oregon v. Mathiason, 429 U.S. 492,97 S.Ct. 711, 50 L.Ed.2d 714 (1977).
 "The test in determining the existence of a custodial interrogation has been defined as whether a reasonable man would feel that he was physically deprived of his freedom of action in any significant way or is placed in a situation in which he reasonably believes that his freedom of action is restricted by such interrogation. State v. Hatton, 116 Ariz. 142, 568 P.2d 1040 (1977); Commonwealth v. Brown, 473 Pa. 562, 375 A.2d 1260 (1977)." Hall v. State, 399 So.2d 348 (Ala.Cr.App. 1981).
Hall, an excellent opinion by Judge Bookout, states that the line of demarcation between a general interrogation and a custodial interrogation must be determined on a case-by-case basis. The case correctly points out that it is the custody, and not the focus of the investigation, which marks the point at which giving the Miranda warning becomes mandatory, citingHarris v. State, 376 So.2d 773 (Ala.Crim.App.), cert. denied,376 So.2d 778 (Ala. 1979).
In Peevy v. State, 460 So.2d 248 (Ala.Crim.App. 1984), this court considered whether an interview between a tax collector and officials of the Office of the Examiners of Public Accounts constituted a custodial interrogation. We found as a matter of fact that the "exit interview" of the auditors was not in any way custodial in nature. In that case we cited as authorityBeckwith v. United States, 425 U.S. 341, 96 S.Ct. 1612,48 L.Ed.2d 1 (1976):
 "The interview with the government agency in a situation such as the one shown by this record simply does not present the elements which the Miranda court found so inherently coercive as to require its holding. Although the `focus' of an investigation may indeed have been on Beckwith at the time of the interview in the sense that it was his tax liability which was under scrutiny, he hardly found himself in the custodial situation described by the Miranda
court as the basis for its holding. Miranda
specifically defined `focus', for its purposes, as `questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.' 384 U.S. at 444, 16 L.Ed.2d 694, 86 S.Ct. 1602."
Finding as a matter of fact that no custodial interrogation took place in this case, we conclude that the social worker was not obliged to read the Miranda warnings to Fain before discussing the case with him and the others. We find that the facts were sufficient to overcome the presumption of involuntariness, and that the court did not err in permitting the witness to testify to his confession. Accordingly, this case is due to be affirmed.
AFFIRMED.
All the Judges concur. *Page 1057