23267

The STATE, Respondent v. James K. BOITER, Appellant.

(396 S.E. (2d) 364)

Supreme Court

*Asst. Appellate Defenders Joseph L. Savitz, III,* and *Robert M. Pachak,* both of *S.C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford,* Columbia, and *Sol. Holman C. Gossett, Jr.,* Spartanburg, *for respondent.*

Heard Feb. 5, 1990.

Decided Sept. 17, 1990.

FINNEY, Associate Justice:

Appellant James K. Boiter was convicted of criminal sexual conduct in the second degree and sentenced to imprisonment for fifteen years, suspended upon service of seven years, followed by five years' probation. We affirm.

The sole issue on appeal is whether the trial court committed reversible error by refusing to allow defense counsel to crossexamine the seventeen year old victim, appellant's stepdaughter, about her prior allegation of sexual abuse by her biological father. The victim testified during an *in camera* hearing that at age eight, she told her mother and a social worker her natural father had fondled her. No investigation or further inquiry was conducted as the result of her complaint. Appellant excepted to the trial court's ruling that the accusation was too remote and, consequently, inadmissible. Appellant contends such examination was relevant to fully test the victim's credibility.

The right to confront witnesses, guaranteed by the sixth and fourteenth amendments, includes the right of cross-examination to attack general credibility or to show possible bias or self-interest in testifying. *Davis v. Alaska,* 415 U.S. 308, 316, 94 S.Ct. 1105, 1110, 39 L. Ed. (2d) 347 (1974). Although the Confrontation Clause "tips the scales" in favor of permitting cross-examination if it could reasonably be expected to have an effect on the jury, a court may prohibit cross-examination for impeachment purposes when the probative value of the evidence that the defendant seeks to elicit is substantially outweighed by the risk of prejudice. *State v. LeCair,* 83 Or. App. 121, 730 P. (2d) 609 (Or. App. 1986), *review denied,* 303 Or. 74, 734 P. (2d) 354 (1987).

Evidence of prior false accusations by a complainant may be probative on the issue of credibility. This Court has not addressed the admissibility of prior allegations by the victim against persons other than the defendant. However, other jurisdictions have held that such evidence is admissible only if the court makes a threshold determination that the prior accusation was false. *See Clinebell v. Com.,* 235 Va. 319, 368 S.E. (2d) 263 (1988); *Woods v. State,* 657 P. (2d) 180 (Okl.1983), *Commonwealth v. Bohannon,* 376 Mass. 90, 95, 378 N.E. (2d) 987, 991 (1978). Other Courts have also considered remoteness of the prior accusation. *See State v. LeCair, supra.*

We hold that in deciding admissibility of evidence of a victim's prior accusation, the trial judge should first determine whether such accusation was false. If the prior allegation was false, the next consideration becomes remoteness in time. Finally, the trial court shall consider the

factual similarity between prior and present allegations to determine relevancy. This holding is consistent with the well-settled rule that admission of proffered testimony is largely discretionary with the trial court, and its rulings will not be disturbed on appeal unless an abuse of discretion is shown. *State v. Sullivan*, 277 S.C. 35, 282 S.E. (2d) 838 (1981).

Based upon the record in this case, the previous accusation was not investigated. The defense presented no evidence to establish its falsity. The trial court determined that the bare accusation of an eight year old child made nine years earlier was too remote to be of sufficient probative value. We find no abuse of discretion on the part of the trial judge. The trial court's ruling is affirmed.

Affirmed.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.