24145

Marvin BRADLEY, Petitioner v. STATE of South Carolina, Respondent.

(449 S.E. (2d) 492)

Supreme Court

*Assistant Appellate Defender Robert M. Dudek,* of the *South Carolina Office of Appellate Defense,* Columbia, *for petitioner.*

*Attorney General T. Travis Medlock, Chief Deputy Atty. Gen. James Patrick Hudson* and *Asst. Atty. Gen. Delbert H. Singleton,* Columbia, *for respondent.*

Heard Dec. 8, 1993.

Decided Sept. 19, 1994.

FINNEY, Justice:

We granted petitioner's belated direct appeal pursuant to *State v. White,* 305 S.C. 455, 409 S.E. (2d) 397 (1991) to review his armed robbery conviction. We affirm.

Bradley and four accomplices robbed a Charleston store while holding the owner and another person at gunpoint. Later that night, Bradley and the others drove to Baltimore, Maryland. The following night, while gathered in a "no loitering zone," the group was approached by Baltimore police offi-

cers and were detained and searched. Bradley was arrested and charged with various crimes. The Baltimore police gave him the *Miranda*[1] warnings.

While incarcerated in Baltimore, Bradley contacted Sergeant Ronald Sowers of the Charleston County Police Department.[2] Sergeant Sowers discussed the Charleston robbery with Bradley during this and other phone conversations. Bradley gave details of the robbery and named his accomplices. Sowers did not give Bradley the *Miranda* warnings during any of the phone conversations. Prior to introducing the evidence at Bradley's South Carolina robbery trial, a *Jackson v. Denno*[3] hearing was held to determine the admissibility of the statements. The trial judge admitted the statements ruling that Bradley was not in South Carolina's custody and the statements were freely and voluntarily given without coercion, undue influence or promise.

Petitioner asserts that the trial judge erred in ruling that Sowers did not have to give Bradley *Miranda* warnings during the telephone conversations. We disagree.

*Miranda* warnings are required for official interrogations only when a suspect "has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda v. Arizona, supra.* While *Miranda* may apply to one who is in custody on an unrelated offense, *see Mathis v. United States*, 391 U.S. 1, 88 S.Ct. 1503, 20 L.Ed. (2d) 381 (1968), the mere fact that one is incarcerated does not render an interrogation custodial, *Cervantes v. Walker*, 589 F. (2d) 424 (9th Cir. 1978). The totality of the circumstances, including the individual's freedom to leave the scene and the purpose, place and length of the questioning must be considered. *United States v. Helmel*, 769 F. (2d) 1306 (8th Cir. 1985). The relevant inquiry is whether a reasonable man in the suspect's position would have undertood himself to be in custody. *See Berkemer v. McCarty*, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed. (2d) 317 (1984).

In *Leviston*, a defendant incarcerated on an unrelated mis-

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.E.(2d) 694 (1966).

[2] Sergeant Sowers, a family acquaintance, visited Bradley's mother and informed her that Bradley was a suspect in a Charleston armed robbery. Soon after this visit, Bradley contacted Sowers.

[3] 378 U.S. 368, 84 S.Ct. 1774, 12 L.E. (2d) 908 (1964).

demeanor conviction for assault was not "in custody" for *Miranda* purposes when he made incriminating statements during two interviews with a police officer concerning a robbery. *Leviston v. Black,* 843 F. (2d) 302 (8th Cir.), *cert. denied,* 488 U.S. 865, 109 S.Ct. 168, 102 L.Ed. (2d) 138 (1988). On both occasions, Leviston voluntarily went to the prison interview room to speak with the police officer. The court found that Leviston was free to end the conversations at any time and he was allowed to leave upon his request.

In this case, Bradley initiated contact with the Charleston Police Department. Bradley voluntarily called Sergeant Sowers and was under no obligation to continue the telephone conversations or repeatedly telephone Sowers. While Bradley was in custody for the charges he faced in Baltimore, he could not reasonably have believed he was in custody during the telephone conversations with respect to the Charleston robbery. Viewing the totality of the circumstances, particularly considering that the conversations occured by long-distance telephone versus in-person contact, we conclude that Bradley was not in the custody of the Charleston police for *Miranda* purposes.

Accordingly, we affirm the trial court's determination that Bradley's statements were admissible.

The remaining issue was not preserved for appellate review, therefore we affirm it pursuant to Rule 220(b)(1), SCACR.

Affirmed.

CHANDLER, Acting C.J., TOAL and MOORE, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.