478 S.E.2d 871

**The STATE, Respondent,**

v.

**Roger Dale SPROUSE, Appellant.**

**No. 2592.**

Court of Appeals of South Carolina.

Submitted Nov. 6, 1996.

Decided Nov. 25, 1996.

Ricky Harris, of Spartanburg; and S.C. Office of Appellate Defense, Columbia, for Appellant.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Norman Mark Rapoport, Columbia; and Solicitor Holman C. Gossett, Jr., Spartanburg, for Respondent.

ANDERSON, Judge:

Roger Dale Sprouse appeals his conviction for committing a lewd act upon a child under the age of fourteen. We affirm.[1]

## FACTS/PROCEDURAL BACKGROUND

Sprouse was accused of committing a lewd act upon his eight-year-old daughter (victim) when she visited him at his home in Spartanburg County on June 11, 1994. The victim lived with her mother in Union County. After a jury trial, Sprouse was found guilty of the offense as charged and sentenced to twelve years in prison.

## ISSUES

(1) Did the trial judge err in excluding evidence of an allegedly false accusation of prior abuse?

(2) Did the trial judge err in allowing testimony regarding Sprouse's statement to a Department of Social Services (DSS) employee when he was not advised of his *Miranda* rights?

(3) Did the trial judge properly refuse to instruct the jury on any lesser offenses?

## LAW/ANALYSIS

1. ALLEGATION OF PRIOR ABUSE.

Sprouse contends the trial judge erred in granting the State's motion to exclude evidence of an allegedly false accusation of sexual abuse made by the victim's grandmother. Sprouse's contention is without merit.

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

Prior to trial in 1995, the State moved to exclude from evidence a medical record from Eastside Family Physicians dated September 29, 1989. The document contained notes of a physician's exam to detect sexual abuse performed on the victim when she was four years old. The notes read in pertinent part, "Pt [Patient] is brought in by her Mom as her g-mom is worried that she is being sexually abused. Child was fussy a lot when mom was cleaning her bottom after a bath yesterday and the grandmom thought that the child might have been abused. Mom does not feel that this is so and states that the child has always had a real sensitive bottom." The exam revealed no signs of abuse.

Defense counsel stated he intended to ask the victim if Sprouse had ever sexually abused her before, and then inquire whether she remembered anything about the 1989 doctor's visit. Counsel argued that, because the medical examination uncovered no signs of physical abuse, he was entitled to pursue this topic on cross-examination because it constituted a prior false allegation of sexual abuse.

The trial judge granted the State's motion to exclude evidence of the prior medical examination, stating the defense would not be allowed to pursue this line of inquiry. The judge noted the suspicion of abuse came from the grandmother, not the victim. The judge also noted it had been six years since the doctor's examination, and there was never any formal investigation into the matter. The judge concluded the prejudicial value of the evidence outweighed its probative value.

On appeal, Sprouse contends the trial judge's ruling was error and that the evidence was admissible pursuant to *State v. Boiter*, 302 S.C. 381, 396 S.E.2d 364 (1990), which provides:

Evidence of prior false accusations by a complainant may be probative on the issue of credibility. . . .

We hold that in deciding the admissibility of *evidence of a victim's prior accusation*, the trial judge should first determine whether such accusation was false. If the prior allegation was false, the next consideration becomes remoteness in time. Finally, the trial court shall consider the factual similarity between [the] prior and present allegations to determine relevancy.

*Id.* at 383–84, 396 S.E.2d at 365 (emphasis added). Sprouse argues the grandmother's allegation of abuse was "patently false" and that its occurrence in 1989 was not too remote from the alleged incident of abuse in 1994. Further, Sprouse contends the allegations were factually similar.

It is well settled that an appellate court will not disturb a trial judge's ruling concerning the scope of cross-examination of a witness to test his or her credibility, or to show possible bias or self-interest in testifying, absent a manifest abuse of discretion. *State v. Smith,* 315 S.C. 547, 446 S.E.2d 411 (1994); *State v. Boiter, supra; State v. Barroso,* 320 S.C. 1, 462 S.E.2d 862 (Ct.App.1995). Evidence, even if arguably relevant, must be excluded if its probative value is outweighed by the prejudicial impact of its admission. *State v. Kelley,* 319 S.C. 173, 460 S.E.2d 368 (1995); *State v. Alexander,* 303 S.C. 377, 401 S.E.2d 146 (1991).

■ We find there was no basis for challenging the victim's credibility or cross-examining her about the 1989 doctor's visit under the auspices of *Boiter.* The rule set forth in *Boiter* is designed to allow a defendant to challenge the credibility of the victim based on the *victim's* prior false allegations. In this case, it was the *grandmother* who purportedly harbored a suspicion of abuse, not the victim. Further, the characterization of the grandmother's suspicion as a "prior false allegation" appears questionable. Rather, it is more in the nature of an explanatory statement of why the victim was brought in for an examination by her mother. There is no indication that a formal accusation of abuse was ever made by the grandmother, nor was an official investigation conducted. Since there is no evidence that the *victim* ever made a prior false allegation of sexual abuse, we hold the trial judge did not abuse his discretion in ruling the defense could not pursue this line of inquiry.

2. STATEMENT MADE TO DSS EMPLOYEE WITHOUT *MIRANDA* WARNING.

Sprouse next argues the trial judge erred in refusing to suppress his oral statement admitting guilt to a DSS employee because the employee did not advise him of his rights to an attorney and to remain silent in accordance with *Miranda v.*

*Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We disagree.

Prior to trial, defense counsel moved to suppress an oral statement Sprouse gave on July 23, 1994 to Roy Davis, a case manager with the Union County DSS office. Mrs. Nancy Howell, the mother of the victim, purportedly called Sprouse that day and told him that he could come to Union County to visit their two sons. Howell had previously cut off all visitation after Sprouse was accused of abusing their daughter during her visit to his home on June 11, 1994. When Sprouse met with his sons on July 23rd, Howell allegedly told Sprouse that he needed to talk to Davis because he was investigating the case for DSS; Howell suggested Sprouse should go ahead and meet with Davis because otherwise Sprouse would just have to come back at a later date.

The DSS office was closed on July 23rd, a Saturday, so Sprouse met with Davis in the DSS parking lot. Sprouse and Davis talked for a little over three hours. Davis never told Sprouse that he was under arrest and he did not threaten him. At the end of the discussion, Sprouse allegedly confessed to having committed the offense. Sprouse stated he did not leave during the discussion because he thought "that [Davis] was a legal representative of an office" and that he did not know if Davis had the power to arrest him if he had just ended the conversation. Sprouse said he was under medication for his nerves and had been standing out in the sun for several hours when he confessed.

Defense counsel argued the confession was inadmissible because Sprouse was subjected to custodial interrogation by Davis without being advised of his *Miranda* rights.

The trial judge denied the motion to suppress Sprouse's statement to DSS. The judge found Sprouse voluntarily met with Davis in the parking lot and that he was never in custody so as to trigger the requirements of *Miranda.* The judge noted Sprouse had previously been arrested for the alleged lewd act, but he had been released on bond before the conversation with Davis transpired; therefore, Sprouse was no longer in custody. The judge ruled Davis was not a law enforcement officer and that his conversation with Sprouse did not constitute an interrogation.

On appeal, Sprouse contends the judge should have suppressed his statement because Davis was acting as an agent for law enforcement when he interviewed Sprouse; therefore, Davis should have advised Sprouse of his *Miranda* rights. While the State concedes Davis had a duty to report instances of suspected child abuse or neglect to the appropriate law enforcement agency pursuant to S.C.Code Ann. § 20–7–650(L) (Supp.1995), the State argues this does not make him an "agent" of the police, and his interview with Sprouse was not a custodial interrogation.

Statements, whether inculpatory or exculpatory, obtained as a result of custodial interrogation, are inadmissible unless the defendant was advised of and waived his rights. The accused must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

In *Miranda v. Arizona, supra*, the Court held that the Fifth Amendment privilege against self-incrimination prohibits admitting statements given by a suspect during "custodial interrogation" without a prior warning. Custodial interrogation means "questioning initiated by law enforcement officers after a person has been taken into custody...." *Id.* 384 U.S., at 444, 86 S.Ct., at 1612. The warning mandated by *Miranda* was meant to preserve the privilege during "incommunicado interrogation of individuals in a police-dominated atmosphere." *Id.*, at 445, 86 S.Ct., at 1612. That atmosphere is said to generate "inherently compelling pressures which work to undermine the individual's will to resist and to compel him to speak where he would not otherwise do so freely." *Id.*, at 467, 86 S.Ct., at 1624. "Fidelity to the doctrine announced in *Miranda* requires that it be enforced strictly, but only in those types of situations in which the concerns that powered the decision are implicated." *Berkemer v. McCarty*, 468 U.S. 420, 437, 104 S.Ct. 3138, 3148, 82 L.Ed.2d 317 (1984).

*Illinois v. Perkins*, 496 U.S. 292, 296, 110 S.Ct. 2394, 2397, 110 L.Ed.2d 243, 250 (1990) (holding the essential ingredients of a police-dominated, coercive atmosphere are not present when

an incarcerated person speaks freely to an undercover officer whom he believes to be a fellow inmate).

 The fact that the investigation has focused on the suspect does not trigger the *Miranda* warnings unless he is in custody. *Minnesota v. Murphy,* 465 U.S. 420, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984) (admissions made by a probationer to his probation officer without prior warning held admissible in probationer's subsequent criminal prosecution).

*Miranda* warnings are required for official interrogations only when a suspect "has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda v. Arizona, supra.* While *Miranda* may apply to one who is in custody on an unrelated offense, *see Mathis v. United States,* 391 U.S. 1, 88 S.Ct. 1503, 20 L.Ed.2d 381 (1968), the mere fact that one is incarcerated does not render an interrogation custodial, *Cervantes v. Walker,* 589 F.2d 424 (9th Cir.1978). The totality of the circumstances, including the individual's freedom to leave the scene and the purpose, place and length of the questioning must be considered. *United States v. Helmel,* 769 F.2d 1306 (8th Cir.1985). The relevant inquiry is whether a reasonable man in the suspect's position would have understood himself to be in custody. *See Berkemer v. McCarty,* 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984).

*Bradley v. State,* 316 S.C. 255, 257, 449 S.E.2d 492, 493–94 (1994).

 The initial determination of whether an individual was in custody depends on the objective circumstances of the interrogation, not the subjective views harbored by either the interrogating officers or the person being questioned. *Stansbury v. California,* 511 U.S. 318, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994).

 Interrogation occurs whenever a person is subjected to either express questioning by a law enforcement officer or its functional equivalent which the officers should know is reasonably likely to elicit an incriminating response from the suspect. *Arizona v. Mauro,* 481 U.S. 520, 107 S.Ct. 1931, 95 L.Ed.2d 458 (1987). *Miranda* warnings are inapplicable to voluntary statements which are not the product of interrogation. *State*

*v. Howard,* 296 S.C. 481, 374 S.E.2d 284 (1988); *State v. Easler,* 322 S.C. 333, 471 S.E.2d 745 (Ct.App.1996).

A number of jurisdictions have held *Miranda* inapplicable to statements made to social workers in similar circumstances. *See, e.g., Fain v. Alabama,* 462 So.2d 1054 (Ala.Crim.App. 1985) (defendant who admitted committing sexual assault to social worker not in custody, even though social worker asked defendant to come to her office after having interviewed victim and receiving a notice from the police; defendant was not deprived of his freedom of action and came to the office of his own free will; court noted it is the custody, and not being the focus of an investigation, which marks the point at which a *Miranda* warning becomes necessary); *California v. Battaglia,* 156 Cal.App.3d 1058, 203 Cal.Rptr. 370 (1984) (statute requiring a clinical social worker to report incidents of child abuse to the State does not turn social worker into an arm of the State for *Miranda* purposes; in a noncustodial setting, a listener who knows he or she will report statements to a state agency need not give the speaker a *Miranda* warning); *Gresh v. Florida,* 560 So.2d 1266 (Fla.Dist.Ct.App.1990) (*Miranda* inapplicable due to lack of custodial setting where defendant was interviewed by social workers in a parking lot); *Louisiana v. Hathorn,* 395 So.2d 783 (La.1981) (defendant who admitted poisoning her children during interview by social worker at the hospital was not the subject of custodial interrogation; therefore, defendant's statements were properly admitted in the absence of a *Miranda* warning); *Massachusetts v. Berrio,* 407 Mass. 37, 551 N.E.2d 496 (1990) (defendant's statement to Department of Social Services investigator and observing social worker during investigation of child sexual abuse report was not a "custodial interrogation" requiring *Miranda* warnings); *Minnesota v. Holden,* 414 N.W.2d 516 (Minn.Ct.App.1987) (defendant, who voluntarily went to police station and was interviewed by social worker and police officer in room located just inside unguarded lobby and exit, was not in custody and was not entitled to *Miranda* warning; police officer left interview on two occasions and left defendant alone with social worker, who did most of the questioning; restraints equivalent to formal arrest were not present); *Wicker v. Texas,* 740 S.W.2d 779 (Tex.Crim.App.1987) (social worker was not required to advise defendant of his *Miranda* rights

where defendant voluntarily went to employee's office to provide confession; defendant was not in custody or otherwise deprived of his freedom of action in any significant way at time he confessed to social worker that he had had intercourse with his daughter; the court concluded the circumstances did not amount to a "custodial interrogation"), *cert. denied,* 485 U.S. 938, 108 S.Ct. 1117, 99 L.Ed.2d 278 (1988). *Cf. North Carolina v. Nations (Nations I),* 319 N.C. 318, 354 S.E.2d 510 (1987) (child protection social worker, conducting interview with jailed defendant to investigate sexual offense other than that for which defendant was detained, was not acting as an agent of the state, and inculpatory statements were not taken in violation of defendant's right to counsel; social worker had no arrest power and was not affiliated with law enforcement).

In this case, Sprouse voluntarily met with Davis at the DSS parking lot based on Mrs. Howell's statement that he would need to talk to Davis sooner or later. Davis did not wear a uniform or carry a gun, and at no time did Davis tell Sprouse that he was under arrest. Davis was not a law enforcement officer, and the confession was not the product of a coercive, police-dominated interrogation.

■ Accordingly, we find Sprouse was *not* in custody when he gave his statement to Davis, the case manager for Union County DSS. We further find that Davis was *not* acting as an agent of law enforcement at the time Sprouse made his statement. Therefore, we uphold the trial judge's determination that Sprouse was not subject to "custodial interrogation" and that the requirements of *Miranda* did not apply. *Cf. In re Drolshagen,* 280 S.C. 84, 310 S.E.2d 927 (1984) (questioning of student by principal in principal's office was not custodial interrogation even though police officers were present during questioning); *State v. Doby,* 273 S.C. 704, 258 S.E.2d 896 (1979) (simply because interview took place at Law Enforcement Center and at initiation of police investigators did not render it a custodial interrogation; rather, fact appellant voluntarily agreed to accompany investigators to their office and answer questions without being placed under arrest indicates a noncustodial situation), *cert. denied,* 444 U.S. 1048, 100 S.Ct. 739, 62 L.Ed.2d 735 (1980).

## 3. REFUSAL TO INSTRUCT JURY ON "LESSER OF-FENSES."

Sprouse argues he was entitled to have the jury instructed on simple assault and battery, and assault and battery of a high and aggravated nature (ABHAN) as "lesser included offenses" of commission of a lewd act upon a child. We disagree.

An indictment will sustain a conviction for a lesser offense only if the lesser offense is included within the greater charged offense. *State v. Fennell,* 263 S.C. 216, 209 S.E.2d 433 (1974).

> A trial judge is required to charge the jury on a lesser included offense if there is evidence from which it could be inferred that a defendant committed the lesser, rather than the greater offense. *State v. Tyson,* 283 S.C. 375, 323 S.E.2d 770 (1984); *State v. Gandy,* 283 S.C. 571, 324 S.E.2d 65 (1984).

*State v. Mathis,* 287 S.C. 589, 594, 340 S.E.2d 538, 541 (1986). *Accord State v. Murphy,* 322 S.C. 321, 471 S.E.2d 739 (Ct.App. 1996).

The test for determining when a crime is a lesser included offense of the crime charged is whether the greater of the two offenses includes all the elements of the lesser offense. *State v. Bland,* 318 S.C. 315, 457 S.E.2d 611 (1995); *Murdock v. State,* 308 S.C. 143, 417 S.E.2d 543 (1992); *State v. Suttles,* 279 S.C. 87, 302 S.E.2d 338 (1983). If the lesser offense includes an element not included in the greater offense, then the lesser offense is not included in the greater. *State v. Bland, supra.*

Sprouse was charged with committing a lewd act upon a child, a violation of section 16–15–140 of the South Carolina Code, which provides in pertinent part:

> It is unlawful for a person over the age of fourteen years to wilfully and lewdly commit or attempt any lewd or lascivious act upon or with the body, or its parts, of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of the child.

S.C.Code Ann. § 16–15–140 (Supp.1995).

In contrast, "simple assault and battery" is an unlawful act of violent injury to another, unaccompanied by any circum-

stances of aggravation. *State v. Cunningham*, 253 S.C. 388, 171 S.E.2d 159 (1969); *State v. Jones*, 133 S.C. 167, 130 S.E. 747 (1925).

■ As a matter of law, the offense of assault and battery cannot be a lesser included offense of committing a lewd act upon a child because it requires proof of an element not required by the latter. Specifically, the crime of simple assault and battery requires proof of the commission of a violent injury, an element not included in the offense of committing a lewd act upon a child. Accordingly, Sprouse was not entitled to an instruction on assault and battery.

■ To the extent Sprouse also contends he was entitled to an instruction on ABHAN [2] as a lesser included offense, this issue is not preserved for review. Defense counsel asked only for an instruction on assault and battery, which the judge refused, and did not make a timely request for an instruction on ABHAN in the trial court. Accordingly, this issue is not properly considered on appeal. *State v. Williams*, 303 S.C. 410, 401 S.E.2d 168 (1991) (issue not raised to and ruled upon by trial judge is not preserved for review). In any event, this issue is without merit because ABHAN is not a lesser included offense of committing a lewd act upon a child.

## CONCLUSION

For the foregoing reasons, Sprouse's conviction is **AFFIRMED.**

CURETON and GOOLSBY, JJ., concur.

---

**2.** ABHAN is an unlawful act of violent injury to the person of another, accompanied by circumstances of aggravation, such as the use of a deadly weapon, the infliction of serious bodily injury, the intent to commit a felony, a great disparity between the ages and physical condition of the parties, a difference in the sexes, the taking of indecent liberties with a female, the purposeful infliction of shame and disgrace, or resistance of lawful authority. *State v. Jones, supra; State v. Rucker*, 319 S.C. 95, 459 S.E.2d 858 (Ct.App.1995).