THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD 
 NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED 
 BY RULE 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Jerome Myers,       
Appellant.
 
 
 

Appeal From Richland County
James R. Barber, Circuit Court Judge

Unpublished Opinion No.  2005-UP-088
Heard January 12, 2005  Filed February 
 7, 2005

AFFIRMED

 
 
 
Assistant Appellate Defender Aileen P. Clare, of Columbia, 
 for Appellant.
Attorney General Henry D. McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, 
 Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and 
 Solicitor Warren Blair Giese, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Appellant, Jerome Myers, 
 was indicted for and convicted of kidnapping and criminal sexual conduct in 
 the first degree.  The trial judge sentenced Myers to concurrent terms of twelve 
 years imprisonment on each conviction, consecutive to revocation of three years 
 of his probation.  We affirm pursuant to Rule 220(b), SCACR and the following 
 authorities:  State v. Wise, 359 S.C. 14, 21, 596 S.E.2d 475, 478 (2004) 
 (holding the admission or exclusion of evidence is a matter addressed to the 
 sound discretion of the trial judge and his ruling will not be disturbed absent 
 a manifest abuse of discretion accompanied by probable prejudice); State 
 v. Wilson, 345 S.C. 1, 5-6, 545 
 S.E.2d 827, 829 (2001) (holding in a criminal case the appellate court is bound 
 by the trial courts preliminary factual findings in determining the admissibility 
 of certain evidence unless the findings are clearly erroneous, and its review 
 extends only to determining whether the trial judge abused his discretion); 
 State v. Boiter, 302 S.C. 381, 383-84, 396 S.E.2d 364, 365 (1990) (holding 
 in determining admissibility of evidence of a victims prior accusation, the 
 trial judge should (1) determine whether such accusation was false, (2) if the 
 prior allegation was false, consider remoteness in time of the prior accusation 
 to the present accusation and, (3) consider the factual similarity between 
 the prior and present allegations to determine relevancy).  
 AFFIRMED.
HUFF, KITTREDGE, and BEATTY, JJ., concur.