THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Wayne Jenkins, Appellant.
 
 
 

Appeal From Hampton County
 Perry M. Buckner, Circuit Court Judge
Unpublished Opinion No. 2010-UP-308
Submitted June 1, 2010  Filed June 10,
 2010
AFFIRMED

 
 
 
 Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for
 Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Julie M. Thames, all of Columbia;
 and Solicitor Isaac McDuffie Stone, III, of Bluffton, for Respondent.
 
 
 

PER
 CURIAM:  Wayne Jenkins appeals his conviction for second-degree
 criminal sexual conduct with a minor.  On appeal, Jenkins argues the trial
 court erred in finding the rape shield statute barred Jenkins from presenting
 evidence of the victim's prior false allegations of sexual assault. We affirm[1] pursuant to Rule 220(b)(1), SCACR, and
 the following authorities:  S.C. Code
 Ann. § 16-3-659.1(1) (2003) ("Evidence of specific instances of the victim's
 sexual conduct, opinion evidence of the victim's sexual conduct, and reputation
 evidence of the victim's sexual conduct is not admissible in prosecutions . . .
 ."); State v. Boiter, 302 S.C. 381, 383, 396 S.E.2d 364, 365 (1990) ("Although
 the Confrontation Clause 'tips the scales' in favor of permitting
 cross-examination if it could reasonably be expected to have an effect on the
 jury, a court may prohibit cross-examination for impeachment purposes when the
 probative value of the evidence that the defendant seeks to elicit is
 substantially outweighed by the risk of prejudice."); State v. McLeod,
 362 S.C. 73, 79, 606 S.E.2d 215, 218 (Ct. App. 2004) ("The admission or exclusion
 of evidence is left to the sound discretion of the trial judge."); Id. at 82, 606 S.E.2d at 220 ("Error is harmless
 where it could not reasonably have affected the result of the trial.").
AFFIRMED.
HUFF,
 SHORT, and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.