THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Donovan Terrell
 Murray, Appellant.
 
 
 

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

Unpublished Opinion No. 2011-UP-424
 Submitted April 1, 2011  Filed September
20, 2011    

AFFIRMED

 
 
 
 Appellate Defender M. Celia Robinson, of
 Columbia, for Appellant. 
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Mark Farthing, all of Columbia; Solicitor
 Scarlett A. Wilson, of Charleston, for Respondent.
 
 
 

PER CURIAM: Donovan
 Terrell Murray appeals his conviction and sentence for possession with intent
 to distribute cocaine and possession with intent to distribute cocaine within
 the proximity of a school, arguing the trial court erred in admitting (1) his
 statements in violation of his Miranda[1] rights and (2) evidence and testimony regarding his possession of prescription
 drugs without a prescription in violation of Rules 403 and 404(b), SCRE.  We affirm.[2]
1.  The trial court properly admitted Murray's
 three statements regarding the prescription pills.  Murray was not in custody
 at the time of his first two statements, when he made statements regarding the
 entry of officers into the hotel room or when he spoke with Officer Patricia Jourdan
 concerning his lack of prescription for the pills.  Therefore, the officers
 were not required to administer Miranda warnings.  See State v. Easler, 327 S.C. 121,
 127, 489 S.E.2d 617, 621 (1997) (holding Miranda rights are required
 only in situations involving custodial interrogation, in which a suspect is
 taken into custody or deprived of his freedom in any significant way); see
 also Miranda, 384 U.S. at 477-78 ("General on-the-scene questioning as to
 facts surrounding a crime or other general questioning of citizens in the
 fact-finding process is not affected by our holding."); State v. Whitner, 380 S.C. 513, 518, 670
 S.E.2d 655, 658 (Ct. App. 2008) (holding custodial interrogation requires both
 custody and interrogation initiated by the law).  
Additionally, Murray's third
 statement, made after being handcuffed, was admissible because his statements
 were voluntary and not in response to interrogation.  See State v. Middleton, 288 S.C. 21, 25, 339 S.E.2d 692, 694 (1986)
 ("In order to secure the admission of a defendant's statement, the State
 must affirmatively show the statement was voluntary and taken in
 compliance with Miranda.") (emphasis added); State v. Kennedy, 325
 S.C. 295, 307, 479 S.E.2d 838, 844 (Ct. App. 1996) (holding an oral admission
 not in response to any interrogation is voluntary); State v. Sprouse,
 325 S.C. 275, 282, 478 S.E.2d 871, 875 (Ct. App. 1996) (finding the requirement
 for Miranda warnings do not apply to voluntary statements that are not
 part of interrogation).
2.  The trial
 court did not err in admitting evidence and testimony regarding Murray's
 possession of prescription drugs without a prescription in violation of Rules 403
 and 404(b), SCRE.  See State v.
 Saltz, 346 S.C. 114, 121, 551 S.E.2d 240, 244 (2001) ("The
 admission or exclusion of evidence is left to the sound discretion of the trial
 [court], whose decision will not be reversed on appeal absent an abuse of
 discretion."); Anderson
 v. State, 354 S.C. 431,
 435, 581, S.E.2d 834, 836 (2003) (holding evidence of other crimes is admissible under the res gestae theory when the other actions are so intimately connected with
 the crime charged that their admission is necessary for a full presentation of
 the case).  
AFFIRMED.
FEW, C.J., and
 THOMAS and KONDUROS, JJ., concur.

[1] Miranda v. Arizona, 384 U.S. 436 (1966).
[2] We decide this case without oral argument pursuant to
 Rule 215, SCACR.