**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Robert Wilson Woods, Appellant.

Appellate Case No. 2013-000814

_____

Appeal From Greenville County
Robert E. Hood, Circuit Court Judge

_____

Unpublished Opinion No. 2016-UP-001
Submitted October 1, 2015 – Filed January 6, 2016

_____

**AFFIRMED**

_____

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General V. Henry Gunter, Jr., both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

_____

**PER CURIAM:** Robert Wilson Woods appeals his convictions for first-degree criminal sexual conduct with a minor and lewd act upon a child, arguing the trial court erred in precluding him from cross-examining the victim (Minor) regarding a

prior false allegation of sexual abuse. He contends this determination was in error for the following reasons: (1) he proved Minor's prior allegation was false because she accused two people—Kevin and Calvin—of the same offense, and both accusations could not have been true; (2) he proved Minor's prior allegation was false because the police did not prosecute the alleged prior offender even though the evidence was the same as the evidence in his case and thus, the only reasonable inference is the police did not believe Minor; (3) the "high" burden of proving the accusation was false, as applied by the trial court, was incorrect; and (4) the "high" burden of proving the accusation was false, as applied by the trial court, violated his Sixth Amendment rights under the Confrontation Clause. We affirm.[1]

1. The trial court did not err in determining Woods failed to prove Minor's prior allegation was false despite Woods's assertion that Minor accused two people—Kevin and Calvin—of the same offense and both accusations could not have been true. Although Minor's father's name is Kevin and Minor told Investigator Cheryl Cromartie the perpetrator's name was Kevin, the record indicates Minor always claimed the perpetrator was her mother's boyfriend. Minor told Investigator Cromartie that her mother's boyfriend was the one who molested her. Additionally, Investigator Cromartie testified Minor's guardian, to whom Minor had initially disclosed the molestation, referred to the perpetrator as Calvin, the new boyfriend of Minor's mother. Based on this evidence, Minor did not accuse two people of the same crime; therefore, the trial court properly determined Woods failed to prove Minor's prior allegation was false. *See State v. Boiter*, 302 S.C. 381, 383-84, 396 S.E.2d 364, 365 (1990) (stating when applying the test for deciding the admissibility of evidence of a victim's prior allegation, a trial court must first determine whether the allegation was false before considering the remoteness in time and the factual similarity between the prior and present allegations). Accordingly, the trial court did not abuse its discretion in precluding the admission of evidence regarding Minor's prior allegation.

2. The trial court did not err in determining Woods failed to prove Minor's prior allegation was false despite Woods's assertion the only reasonable inference that can be made is the police did not believe Minor because they did not pursue an investigation. However, the fact that law enforcement did not further investigate Minor's prior allegation is not alone sufficient to establish her allegation was false. *See id.* at 384, 396 S.E.2d at 365 (finding the defense did not present evidence to establish the falsity of the victim's prior allegation in a case in which the prior allegation had not been investigated). Moreover, Investigator Cromartie testified

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

she did not believe Minor had lied or recanted her allegation. She further stated she decided not to seek criminal charges against anyone regarding Minor's prior allegation because she "could not prove who the actual subject would have been at the time and [she] just didn't have enough information or details to pursue criminal charges." In light of this testimony, we find the trial court properly determined Woods failed to prove Minor's prior allegation was false. *See id.* at 383-84, 396 S.E.2d at 365 (stating when deciding the admissibility of evidence of a victim's prior allegation, a trial court must first determine whether the allegation was false before considering the remoteness in time and the factual similarity between the prior and present allegations). Accordingly, the trial court did not abuse its discretion in precluding the admission of evidence regarding Minor's prior allegation.

3. The trial court did not apply an incorrect standard in requiring Woods to prove Minor's prior allegation was false. Although Woods asserted Minor's prior allegation must have been false because the police did not pursue an investigation into her allegation, the trial court found there was "no evidence before this [c]ourt that anybody in law enforcement or the forensic interviewer or the medical professional believed [Minor] was lying. They just believed there wasn't enough evidence to charge him." This finding is supported by the testimony of Investigator Cromartie regarding why she declined to seek criminal charges, as well as her statement she did not determine Minor had lied or recanted the allegation. Because courts must first determine whether a prior allegation is false when deciding whether the allegation is admissible and evidence supports the trial court's determination Woods failed to prove Minor's prior allegation was false, the trial court did not apply an incorrect standard. *See id.* at 383, 396 S.E.2d at 365 (stating when deciding the admissibility of evidence of a victim's prior allegation, a trial court must first determine whether the allegation was false); *id.* at 383-84, 396 S.E.2d at 365 (finding the three-part test for determining the admissibility of a victim's prior allegation "is consistent with the well-settled rule that admission of proffered testimony is largely discretionary with the trial court, and its rulings will not be disturbed on appeal unless an abuse of discretion is shown").

4. Woods failed to preserve his argument regarding whether the "high" burden of proving the accusation was false violated his Sixth Amendment rights under the Confrontation Clause. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("Issues not raised and ruled upon in the trial court will not be considered on appeal."); *see also State v. Langford*, 400 S.C. 421, 432, 735 S.E.2d 471, 477 (2012) ("Constitutional questions must be preserved like any other issue on appeal.").

**AFFIRMED.**

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**