**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Michael Fulwiley, Appellant.

Appellate Case No. 2017-000774

———————

Appeal From Lexington County
George C. James, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-052
Submitted January 1, 2019 – Filed February 6, 2019

———————

**AFFIRMED**

———————

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia; and Solicitor Samuel R. Hubbard, III, of Lexington, all for Respondent.

———————

**PER CURIAM:** Michael Fulwiley appeals his conviction for shoplifting, arguing the trial court erred by (1) denying his motion to suppress the good seized following a search of a vehicle in which he was a passenger and (2) admitting into

evidence his statements claiming co-ownership of the goods seized.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred by denying Fulwiley's motion to suppress the goods seized: *State v. Wright*, 391 S.C. 436, 442, 706 S.E.2d 324, 326 (2011) ("When reviewing a Fourth Amendment search and seizure case, an appellate court must affirm if there is any evidence to support the ruling."); *State v. Pichardo*, 367 S.C. 84, 98, 623 S.E.2d 840, 847 (Ct. App. 2005) ("In carrying out the stop, an officer may request a driver's license and vehicle registration, run a computer check, and issue a citation."); *Rodriguez v. United States*, 135 S. Ct. 1609, 1615 (2015) ("Typically such inquiries involve checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance."); *United States v. Oliver*, 550 F.3d 734, 738 (8th Cir. 2008) (finding that when law enforcement has probable cause to tow a vehicle, a traffic stop is not completed until the tow is accomplished); *United States v. Sharpe*, 470 U.S. 675, 687 (1985) ("The question is not simply whether some other alternative was available, but whether the police acted unreasonably in failing to recognize or to pursue it."); *State v. Brown*, 389 S.C. 473, 483, 698 S.E.2d 811, 816 (Ct. App. 2010) ("The inevitable discovery doctrine is an exception to the exclusionary rule and states that if the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means, the information is admissible despite the fact it was illegally obtained."), *rev'd on other grounds*, 401 S.C. 82, 736 S.E.2d 263 (2012); *id.* at 483-84, 698 S.E.2d at 817 ("If the police are following standard procedures, they may inventory impounded property, including closed containers, to protect an owner's property while it is in police custody.").

2.  As to whether the trial court erred by admitting into evidence Fulwiley's statements claiming co-ownership of the goods seized: *State v. Jackson*, 384 S.C. 29, 34, 681 S.E.2d 17, 19 (Ct. App. 2009) ("The admission or exclusion of evidence is a matter within the trial court's sound discretion, and an appellate court may only disturb a ruling admitting or excluding evidence upon a showing of a manifest abuse of discretion accompanied by probable prejudice."); *State v. Williams*, 405 S.C. 263, 272, 747 S.E.2d 194, 199 (Ct. App. 2013) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law." (quoting *State v. Pagan*, 369 S.C. 201, 208m 631 S.E.2d 262, 265 (2006))); *United States v. Sullivan*, 138 F.3d 126, 130 (4th Cir. 1998) ("Only if the motorist is detained 'to a "degree associated with

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

formal arrest"' will he be entitled to the *Miranda*[2] protections for in-custody interrogations." (quoting *Berkemer v. McCarty*, 468 U.S. 420, 440 (1984))); *Bradley v. State*, 316 S.C. 255, 257, 449 S.E.2d 492, 493 (1994) ("*Miranda* warnings are required for official interrogations only when a suspect 'has been taken into custody or otherwise deprived of his freedom of action in any significant way.'" (quoting *Miranda*, 384 U.S. at 444)); *Berkemer*, 468 U.S. at 440 ("[P]ersons temporarily detained pursuant to [ordinary traffic] stops are not 'in custody' for the purposes of [*Miranda*]."); *State v. Corley*, 383 S.C. 232, 244, 679 S.E.2d 187, 193 (Ct. App. 2009) ("[E]ven though a motorist in a routine traffic stop may be detained and is not free to leave, such a motorist is not 'in custody' for *Miranda* purposes.").

**AFFIRMED.**

**KONDUROS, MCDONALD, and HILL, JJ., concur.**

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).