**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Joseph Campbell Williams, II, Appellant.

Appellate Case No. 2017-001867

———————————

Appeal From Pickens County
Perry H. Gravely, Circuit Court Judge

———————————

Unpublished Opinion No. 2020-UP-199
Submitted April 1, 2020 – Filed July 1, 2020

———————————

**AFFIRMED**

———————————

J. Falkner Wilkes, of Greenville, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia, and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

———————————

**PER CURIAM:** Joseph Campbell Williams, II, appeals his convictions and sentences of thirty years' imprisonment for criminal sexual conduct (CSC) with a minor in the first degree and consecutive ten years' imprisonment for CSC with a minor in the second degree. On appeal, Williams argues the trial court erred by (1)

excluding evidence of prior false accusations by his step-daughter (Victim) against persons other than Williams, and (2) refusing to allow witnesses to testify as to his own state of mind. We affirm.

1.     Williams argues the trial court erred in excluding evidence of prior false allegations made by Victim and in failing to conduct a *State v. Boiter* analysis in determining the admissibility of Victim's prior allegations of sexual abuse. *State v. Boiter*, 302 S.C. 381, 383, 396 S.E.2d 364, 365 (1990) (holding "[e]vidence of prior false accusations by a complainant may be probative on the issue of credibility"). As to the alleged failure to conduct a *Boiter* analysis, Williams did not raise this issue to the trial court. Thus, we find the issue is not preserved for appellate review. *See State v. Nichols*, 325 S.C. 111, 120, 481 S.E.2d 118, 123 (1997) ("An issue may not be raised for the first time on appeal, but must have been raised to the trial [court] to be preserved for appellate review.").

As to the exclusion of the evidence, we find the trial court did not err in excluding evidence of the veracity of Victim's prior allegations of sexual misconduct by men other than Williams. In *Boiter*, our supreme court held:

> [I]n deciding admissibility of evidence of a victim's prior accusation, the trial [court] should first determine whether such accusation was false. If the prior allegation was false, the next consideration becomes remoteness in time. Finally, the trial court shall consider the factual similarity between prior and present allegations to determine relevancy. This holding is consistent with the well-settled rule that admission of proffered testimony is largely discretionary with the trial court, and its rulings will not be disturbed on appeal unless an abuse of discretion is shown.

302 S.C. at 383-84, 396 S.E.2d at 365. In *Boiter*, the defendant did not present any evidence to establish the falsity of the prior accusations, and our supreme court held the trial court did not abuse its discretion in determining a prior accusation that was not investigated and was made nine years earlier when the victim was eight years old was too remote to be of sufficient probative value. *Id*. at 385, 396 S.E.2d at 365-66. In this case, the prior allegations were made between 2003 and 2004, when Victim was between six and eight years old. The trial occurred in 2017 when Victim was twenty-one years old.

In this case, Williams did not proffer witness testimony or other evidence to show the falsity of the allegations. *See Boiter*, 302 S.C. at 383, 396 S.E.2d at 365 ("[I]n deciding admissibility of evidence of a victim's prior accusation, the trial [court] should first determine whether such accusation was false."); *State v. Jackson*, 384 S.C. 29, 34, 681 S.E.2d 17, 19 (Ct. App. 2009) ("Generally, the failure to make a proffer of excluded evidence will preclude review on appeal."). In any event, we find the prior allegations were too remote to be admitted as evidence. *See Boiter*, 302 S.C. at 384, 396 S.E.2d at 365 (holding a prior allegation was too remote to be of sufficient probative value when the victim was eight years old at the time of the incident and seventeen at the time she testified at trial). We find no error in the trial court's exclusion of the evidence.

2.      Williams also argues the trial court erred by refusing to allow witnesses to testify about the prior allegations and their effect on his state of mind on the grounds of hearsay. Williams maintains the testimony falls into two exceptions to the rule against hearsay under Rule 803 of the South Carolina Rules of Evidence: (1) then existing mental, emotional, or physical condition, and (2) statements for purposes of medical diagnosis or treatment. The South Carolina Rules of Evidence define hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Rule 801(c), SCRE. Then existing mental, emotional, or physical conditions are not excluded by the rule against hearsay and are defined as: "[a] statement of the declarant's then existing state of mind, emotion, sensation, or physical condition . . . ." Rule 803(3), SCRE. Statements for the purpose of medical diagnosis or treatment are not excluded by the rule against hearsay and are defined as: "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment . . . ." Rule 803(4), SCRE.

Contrary to Williams' assertion, we find the state of mind exception to the rule against hearsay is applicable only to the mental state of the declarant rather than a witness. Because Victim, rather than Williams, is the declarant for purposes of the prior allegations, and Williams is not offering the statements to show Victim's state of mind, the statement does not meet the mental state exception to the rule against hearsay and was properly excluded by the trial court.

Williams also contends evidence of the veracity of Victim's prior allegations was contained in her mental health records and because the records were pertinent to her treatment and diagnosis, they are not excludable as hearsay. However, for a

hearsay statement to be admissible as a statement for the purposes of medical diagnosis or treatment, the statement had to be made for the purposes of that medical diagnosis or treatment.

Here, Williams was attempting to admit statements he made to others about Victim's prior allegations for the purposes of proving he never spent time alone with Victim. We find any statements he made to others about the prior allegations would constitute hearsay and would not fall under the exception for statements made for the purpose of medical diagnosis or treatment. Furthermore, any error in excluding this testimony was not prejudicial because substantially similar evidence was offered into evidence. *See State v. Hill*, 409 S.C. 50, 55, 760 S.E.2d 802, 805 (2014) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent a prejudicial abuse of discretion."). The trial court allowed Williams to testify he avoided being alone with Victim "[b]ecause [he] was fearful that she may make up some kind of allegations toward[] [him]." The jury also heard testimony that Victim's record indicated she had made a prior physical abuse allegation that proved to be unfounded. Further, in his closing argument, Williams argued Victim was a "veteran" at accusing others of sexual abuse and had been accusing others "all of her life." Therefore, we find Williams was not prejudiced by the proper exclusion of his self-serving statements to others because his defense was effectively communicated to the jury. *See Fields v. Reg'l Med. Ctr. Orangeburg*, 363 S.C. 19, 26, 609 S.E.2d 506, 509 (2005) ("To warrant reversal based on the admission or exclusion of evidence, the appellant must prove both the error of the ruling and the resulting prejudice, i.e., that there is a reasonable probability the jury's verdict was influenced by the challenged evidence or the lack thereof.").

**AFFIRMED.**[1]

**HUFF, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.