22348

The STATE, Respondent, v. Carl S. NORTON, Appellant.

(332 S. E. (2d) 531)

Supreme Court

*Stuart G. Anderson, Jr.,* of *Anderson and Fayssoux,* Greenville; and *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Carolyn M. Adams,* Columbia; and *Sol. William B. Traxler, Jr.,* Greenville, *for respondent.*

Heard June 5, 1985.

Decided July 2, 1985.

HARWELL, Justice:

The appellant Carl S. Norton was convicted of committing a lewd act upon a minor. He appeals, alleging that the trial judge should have quashed the indictment under the doctrines of former jeopardy and collateral estoppel. We disagree and affirm.

The appellant was tried for first degree criminal sexual conduct with a minor.[1] The judge directed a verdict of acquittal because there was no evidence of a sexual battery. The appellant was subsequently reindicted and convicted for committing a lewd act on a minor[2] based on the same acts.

The doctrine of former jeopardy consists of three constitutional safeguards. *See State v. Kirby*, 269 S. C. 25, 236 S. E. (2d) 33 (1977). The safeguard at stake here is the protection from prosecution for the same offense after acquittal.

"[W]hen a single act combines the requisite ingredients of two distinct offenses, the defendant may be severally indicted and punished for each." *State v. Hall*, 280 S. C. 74, 310 S. E. (2d) 429, 431 (1983). The test to be applied to determine whether there are two offenses or one growing out of the same act or transaction is whether each statute requires proof of a fact which the other does not. *Blockburger v. United States*, 284 U. S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932). The Fifth Amendment "forbids successive prosecution and cumulative punishment for a greater and lesser included offense." *Brown v. Ohio*, 432 U. S. 161, 169, 97 S. Ct. 2221, 2227, 53 L. Ed. (2d) 187 (1977). A lesser included offense requires no proof beyond that which is required for conviction of the greater offense. *State v. Dobson*, 279 S. C. 551, 309 S. E. (2d) 752 (1983).

In the case at bar, we agree with the trial judge that the offense of committing a lewd act upon a minor is not a lesser included offense of first degree criminal sexual conduct on a minor. Code § 16-3-655(1) (1976) governs criminal sexual conduct with minors.

---

[1] S. C. Code Ann, § 16-3-655(1) (1976).
[2] S. C. Code Ann. § 16-15-140 (1976).

A person is guilty of criminal sexual conduct in the first degree if the actor engages in sexual battery with the victim who is less than eleven years of age. Code § 16-15-140 (1976) governs lewd acts on children.

It shall be unlawful for any person over the age of fourteen years to willfully and lewdly commit or attempt any lewd or lascivious act upon or with the body, or any part or member thereof, of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child . . .

Each statute requires proof of an element not required by the other. The crime of first degree criminal sexual conduct with a minor requires that sexual battery be committed. "Sexual battery," as defined in § 16-3-651(h), requires some "intrusion, however slight, of any part of a person's body . . . into the genital or anal openings of another person's body . . ." Criminal sexual conduct with minors further requires that the victim be less than eleven years of age.

The crime of committing a lewd act on a minor, on the other hand, does not require a sexual battery. Rather, the person committing the crime must act with the intent of appealing to the lust or passions of himself or the child. This crime refers to victims under the age of fourteen.

We hold that reindictment for the offense of committing a lewd act upon a child did not place the appellant in double jeopardy after his acquittal for first degree criminal sexual conduct with the child.

The remaining exceptions are affirmed pursuant to Rule 23.

The judgment below is, accordingly,

Affirmed.

LITTLEJOHN, C. J., and NESS, GREGORY and CHANDLER, JJ., concur.