2505

The STATE, Respondent v. Donnie AIKEN, Appellant.

(470 S.E. (2d) 404)

Court of Appeals

*Assistant Appellate Defender Robert M. Pachak,* of *SC Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,* Columbia; and *Solicitor Walter M. Bailey, Jr.,* Summerville, *for respondent.*

Heard Apr. 3, 1996.

Decided Apr. 29, 1996.

GOOLSBY, Judge:

Donnie Aiken appeals his conviction for armed robbery, claiming the trial court erred in admitting evidence of his participation in other robberies.

## FACTS

At Aiken's trial, during an *in camera* hearing, Detective Everett LaFrance of the Orangeburg County Sheriff's Department testified concerning is investigation of a series of armed robberies. In each of the robberies, a small handgun was used by a young black male who covered his face. All of the robberies took place in the same part of Orangeburg, all either on or near the Highway Twenty-one bypass. The first occurred at a Speedway gas station on July 3, 1994. The second was at an Express Lane convenience store on July 12. An attempted robbery occurred at Wingard's Texaco Station on July 17. Another robbery took place at the China Palace Restaurant on July 18. Yet another occurred on July 19 at the Short Stop Convenience Store. Finally, an attempted robbery took place at the Express Lane on July 27. The police had staked out this location that day and arrested Aiken along with Anton Govan, a juvenile. Govan gave Detective La-France a statement implicating Aiken in all the robberies as the driver of the getaway car and the supplier of the pistol.

Govan was fifteen years old at the time of the trial. He was incarcerated at the Department of Juvenile Justice after being convicted in family court for several armed robberies. At the *in camera* hearing, Govan testified about the robberies. He stated Aiken supplied the gun and transportation and was the lookout. Govan testified he robbed the locations

with a pistol supplied by Aiken. He put his T-shirt over his face to hide his identity. Govan stated he had not been promised anything to testify and was already serving his time after the convictions in family court.

The trial court ruled the testimony concerning the robberies of July 12, 17, 19, and 27 was admissible under *State v. Lyle*, 125 S.C. 406, 118 S.E. 803 (1923), but did not permit testimony regarding July 3 because Govan did not name Aiken as a participant in that robbery.

David Kir testified he was the manager of the China Palace Restaurant in Orangeburg County. At approximately 4:30 p.m. on July 18, 1994, a young black male entered the restaurant and robbed it. The robber had a black T-shirt tied around his face and carried a pistol. He fled on foot. Kir could not identify Aiken. Clara Maynard was a customer in the China Palace Restaurant. She corroborated the details of the crime but also could not identify either the robber or Aiken. Tyrone Blocker, another customer, also corroborated the details of the robbery but did not identify Aiken.

In the presence of the jury, Detective LaFrance testified his department was staking out convenience stores due to a series of robberies in July. On July 27, he arrested Aiken, Govan, and Erick Wannamaker at the Express lane for attempted robbery. The police found a gun in the car. Govan gave him a statement about his and Aiken's involvement in the other robberies including the robbery at the China Palace.

Govan also testified concerning the robbery at the China Palace. Aiken picked him up in a white pickup truck and they decided to rob the restaurant because Aiken needed money for child support. After Aiken gave him a signal, Govan went into the restaurant with his face covered and robbed the cashier and two customers. He fled on foot to where Aiken was waiting on him. They divided the money. Govan also testified about the other July robberies he was involved in with Aiken.

The State also presented testimony by William Busbee. Busbee testified about accompanying Aiken and Govan on the unsuccessful robbery attempt at Wingard's Texaco. He was in jail for accessory to robbery at the time of the trial.

Aiken testified he was 23 years old with a prior conviction for conspiracy to distribute crack cocaine. He stated he was at

his mother's house on the day the China Palace was robbed and denied being involved in the robbery. On cross-examination, he denied any involvement in other robberies. He also stated he was not working during July. Aiken's sister and mother testified he was at home the day the China Palace was robbed.

The deputy clerk of court testified Aiken was behind in his child support payments and made a payment of $463 on August 5, 1994.

## DISCUSSION/LAW

Aiken argues the trial court erred in admitting the evidence of Aiken's participation in the other armed robberies under *State v. Lyle* because the other robberies were of only general similarity to the one Aiken was charged with. Aiken also contends the proof of his involvement in these other robberies was not clear and convincing and the admission of the evidence was unduly prejudicial.

The admission and rejection of proffered testimony is largely within the sound discretion of the trial court and its exercise of such will not be disturbed on appeal absent an abuse of that discretion. *State v. Gregory*, 198 S.C. 98, 16 S.E. (2d) 532 (1941).

Evidence of other crimes is competent to prove the specific crime charged when it tends to establish the following: (1) motive, (2) intent, (3) the absence of mistake or accident, (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, and (5) the identity of the person charged with the commission of the crime on trial. *State v. Lyle*, 125 S.C. 406, 118 S.E. 803 (1923).

A common scheme or plan concerns more than the commission of two similar crimes; some connection between the crimes is necessary. *State v. Stokes*, 279 S.C. 191, 304 S.E. (2d) 814 (1983). Where the prior offense is of such a close similarity to the charged offense that the previous act enhances the probative value of the evidence so as to overrule the prejudicial effect, it is admissible. *State v. Parker*, 315 S.C. 230, 433 S.E. (2d) 831 (1993). The defendant's other bad act must also be established by clear and convincing proof. *State v. Raffaldt*, 318 S.C. 110, 456 S.E. (2d) 390 (1995).

Here, Govan's testimony concerning Aiken's other bad acts was probative on the issue of whether all of the robberies were part of a common scheme or plan. The evidence showed all of the robberies took place in the same month in the same part of Orangeburg, all either on or near the Highway Twenty-one bypass. Additionally, each robbery was perpetrated by a young, black gunman with his face concealed.

In contrast, the chance that the admission of this evidence unfairly prejudiced Aiken was small because if the jury found Govan to be credible, it would likely believe his testimony that Aiken was guilty of the crime he was charged with and have no reason to consider the testimony concerning the other robberies.

As for Aiken's contention that the evidence of Aiken's other bad acts was not clear and convincing, Govan testified he had direct knowledge of Aiken's participation because the two of them committed the crimes together. We therefore hold the trial court did not abuse its discretion in allowing the testimony of Aiken's participation in the other robberies.

Affirmed.

CURETON and ANDERSON, JJ., concur.