516 S.E.2d 212

**The STATE, Respondent,**

v.

**Kenneth E. BROCK, Appellant.**

**No. 2969.**

Court of Appeals of South Carolina.

Submitted Feb. 9, 1999.

Decided March 29, 1999.

Assistant Appellate Defender Robert M. Dudek, of SC Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott and Assistant Attorney General Caroline Callison Tiffin, all of Columbia; and Solicitor W. Townes Jones, IV, of Greenwood, for respondent.

HUFF, Judge:

Kenneth E. Brock was convicted by a jury of first degree assault with intent to commit criminal sexual conduct on a minor and committing a lewd act upon a minor. The trial judge sentenced Brock to twenty five years imprisonment for first degree assault with intent to commit CSC on a minor and ten years concurrent for committing a lewd act upon a minor. Brock appeals. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

In 1995, Janice Eaton, her husband, and her three children, Tabetha, Lee and D.J., lived next door to Janice's mother, Sheila, and Sheila's husband, Kenneth Brock. At this time, Tabetha was seven years old and Lee was five.[1] The children referred to Brock as their "Papa." On May 28, 1995, the two families had a cookout and went swimming at Brock's house. Late in the afternoon, Eaton went inside her house to do the dishes, and the children stayed with Brock.

Eaton testified that Lee came running into the kitchen and said "Mama, Tabetha and Papa are in the bedroom and won't let me in." Lee had come directly from Brock's house which was approximately fifty yards away. Lee acted scared and appeared to know that something was wrong.

---

1. Tabetha was nine years old at the time of trial, and Lee was seven years old at the time of trial.

As a result of Lee's statement, Eaton walked out the back door of her house and noticed Tabetha coming down the hallway of Brock's house, putting on her shirt. Tabetha looked frightened and seemed nervous and upset. When Eaton first questioned Tabetha about what she had been doing, Tabetha responded "nothing" and went to her bedroom. Eaton followed Tabetha into her bedroom and again asked Tabetha what was wrong, and Tabetha started crying. Tabetha finally stated that Brock took his tongue and licked her private parts, and that he had put his private part on her private part. Tabetha was inside Brock's house for approximately thirty to forty five minutes; however, Eaton's understanding was that the incident had taken place just prior to Tabetha coming home.

At trial, Tabetha testified that, after swimming, she went inside Papa's house into the bedroom where Papa was watching television with her two younger brothers. Her brothers left, and Tabetha sat on the bed with Papa. Papa then pulled over her bathing suit and licked her private parts. Papa also touched her private part with his private part. While this was happening, Tabetha testified that her brothers peeked into the room and then ran and told her mother. Papa told her not to tell anyone about what had happened. After the incident, Tabetha saw her mother coming out the back door of her house as she was coming down the hall. She put her shirt on and ran to her house and told her mother what had happened.

At trial, Brock objected to the testimony of Eaton as to the statement made to her by Lee. The trial judge overruled the objection, finding the testimony qualified as an excited utterance under Rule 803(2), SCRE. Brock further excepted to the trial judge's failure to instruct the jury that the commission of a lewd act is a lesser included offense of assault with intent to commit criminal sexual conduct.

## LAW/ANALYSIS

### I.

■ On appeal, Brock first contends the trial judge erred in refusing to instruct the jury that the commission of a lewd act upon a minor is a lesser included offense of first degree

assault with intent to commit CSC on a minor. Brock relies on the case of *State v. Norton*, 286 S.C. 95, 332 S.E.2d 531 (1985), wherein our Supreme Court held the offense of committing a lewd act upon a minor is not a lesser included offense of first degree criminal sexual conduct with a minor, based in part on the requirement of the latter offense that a sexual battery be committed. Specifically, Brock asserts, because the offense of first degree assault with intent to commit criminal sexual conduct with a minor does not require a sexual battery be committed, the "attempt" to commit a sexual battery can also constitute a lewd act. We disagree.

In determining whether one crime is a lesser included offense of another, the test is whether the greater of the two offenses includes all of the elements of the lesser offense. If the lesser offense includes an element which is not included in the greater offense, then the lesser offense is not included in the greater offense. *Hope v. State*, 328 S.C. 78, 492 S.E.2d 76 (1997); *State v. Bland*, 318 S.C. 315, 457 S.E.2d 611 (1995); *State v. Sprouse*, 325 S.C. 275, 478 S.E.2d 871 (Ct.App.1996); *State v. Kirby*, 325 S.C. 390, 481 S.E.2d 150 (Ct.App.1996).

Pursuant to S.C.Code Ann. § 16–15–140 (Supp.1995), one is guilty of committing a lewd act upon a minor when "a person over the age of fourteen years . . . wilfully and lewdly commit(s) or attempt(s) . . . any lewd or lascivious act upon or with the body, or its parts, of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of the child." [2] The elements of first degree assault with intent to commit CSC on a minor are (1) an assault, (2) with the intent to commit a sexual battery, (3) against a minor under the age of eleven. S.C.Code Ann. §§ 16–3–655(1) and 16–3–656 (1976).

We agree with Brock that neither of the above offenses requires that a sexual battery take place. However, each of the statutes requires proof of an element not required by the other. The lewd act charge requires the victim to be under the age of fourteen, and the perpetrator to be over the age of fourteen. Also, the perpetrator must commit a lewd or lascivi-

---

2. This section has since been amended making it illegal to commit such an act upon a child under the age of sixteen. S.C.Code Ann. § 16–15–140 (Supp.1998).

ous act upon the body of the child and must act "with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires" of the perpetrator or the minor victim. The offense of first degree assault with intent to commit CSC on a minor requires the victim to be under the age of eleven, and provides no minimum age for the perpetrator. Furthermore, an assault must take place, and the perpetrator must act with intent to commit a sexual battery. Because each offense requires proof of an additional element that the other does not, we agree with the trial judge that the lewd act charge is not a lesser included offense of first degree assault with intent to commit CSC on a minor.

## II.

■ Brock also argues that the trial judge erred in allowing Eaton to testify about Lee's statement to her that "Tabetha and Papa are in the bedroom and won't let me in." Brock maintains that Eaton's testimony constitutes inadmissible hearsay.

■ The admission or rejection of evidence is largely within the sound discretion of the trial judge, and the trial judge's decision will not be disturbed on appeal absent an abuse of discretion. *State v. Aiken,* 322 S.C. 177, 470 S.E.2d 404 (Ct.App.1996).

■ Rule 803(2), SCRE, provides as follows:
The following are not excluded by the hearsay rule, even though the declarant is available as a witness: ... (2) A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

The excited utterance must be made while the declarant is under the stress or excitement caused by the event. The rationale behind the excited utterance exception is that the startling event or condition suspends the declarant's reflective thought processes, thus reducing the likelihood of fabrication. *State v. Hill,* 331 S.C. 94, 501 S.E.2d 122 (1998); *State v. Burroughs,* 328 S.C. 489, 492 S.E.2d 408 (Ct.App.1997). In determining whether a particular statement falls within the excited utterance exception, the statement must be viewed under the totality of the circumstances. *State v. Hill,* 331 S.C. at 99, 501 S.E.2d at 125.

Based on the totality of the circumstances, we conclude that Lee made the statement to his mother while under the stress of excitement caused by a startling event. Eaton testified that Lee made the statement to her immediately upon his return from Brock's house, which was only fifty yards away, and that Lee appeared to be upset and acted as if something was wrong. Lee volunteered the information without any questioning or prompting by Eaton. Tabetha testified that during the assault, her brothers peeked into the room and immediately ran to tell her mother. As a result of Lee's statement, Eaton immediately ran out the back door and saw Tabetha putting her shirt on. Tabetha appeared to be extremely upset. Eaton testified that based upon her observations, she believed the assault had occurred just prior to Tabetha coming home.

The above facts, when viewed in their entirety, indicate that the assault was taking place or had just taken place when Lee made the statement to Eaton. When Lee witnessed the sexual assault, he immediately ran home and told his mother while still under the stress of excitement from seeing the assault. Accordingly, the trial judge properly allowed Eaton's testimony under the excited utterance exception to the hearsay rule.

**AFFIRMED.**

HEARN and STILWELL, JJ., concur.