UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

No. 02-4192

WILLIAM TUCKER JEFFCOAT,
　　　　　*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-01-7)

Argued: February 28, 2003

Decided: April 17, 2003

Before WILLIAMS, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Eric Jason Foster, LAW OFFICE OF RICK FOSTER, Asheville, North Carolina, for Appellant. Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee. **ON BRIEF:** Robert J. Conrad, Jr., United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

William Tucker Jeffcoat appeals his sentence for the interstate transportation of a stolen firearm, motor vehicle, and credit card. The district court, after determining that Jeffcoat's two prior convictions under S.C. Code Ann. § 16-15-140 (Law. Co-op. 1995) were crimes of violence for the purposes of the United States Sentencing Guidelines § 2K2.1(a)(2) (2000), sentenced Jeffcoat to 105 months imprisonment. The issue on appeal is whether the district court properly considered Jeffcoat's prior convictions as crimes of violence under the sentencing guidelines. Because we find that our precedent dictates that Jeffcoat's prior crimes be considered "crimes of violence" for sentencing guidelines purposes, we affirm Jeffcoat's sentence.

I.

Jeffcoat pleaded guilty to interstate transportation of a stolen firearm, in violation of 18 U.S.C.A. § 922(i) (West 2000); interstate transportation of a stolen motor vehicle, in violation of 18 U.S.C.A. § 2312 (West 2000); interstate transportation of a stolen credit card, in violation of 18 U.S.C.A. § 1644(b) (West 2000); and possession of a stolen motor vehicle, in violation of 18 U.S.C.A. § 13 (West 2000). At Jeffcoat's sentencing hearing, the district court concluded that Jeffcoat's two prior South Carolina felony convictions for violations of S.C. Code Ann. § 16-15-140, which prohibits committing, or attempting to commit, a lewd act upon a child under fourteen,[1] were "crimes of violence" under the sentencing guidelines, which provides that the base offense level for the unlawful interstate transportation of a stolen

---

[1]This section has since been amended making it illegal to commit such an act upon a child under the age of sixteen. *See State v. Brock*, 516 S.E.2d 212, 214 n.2 (S.C. Ct. App. 1999) (citing S.C. Code Ann. § 16-15-140 (Law. Co-op. 1998)).

firearm is 24 "if the defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2) (2000). The district court then sentenced Jeffcoat to 105 months imprisonment. Jeffcoat now appeals the district court's characterization of his prior convictions as "crimes of violence."

## II.

In this case we must resolve the issue of whether a violation of S.C. Code Ann. § 16-15-140 is a "crime of violence" for purposes of U.S.S.G. § 2K2.1(a)(2). Whether a state offense is a "crime of violence" under the sentencing guidelines is a question of law that we review de novo. *United States v. Pierce*, 278 F.3d 282, 286 (4th Cir. 2002).

A "crime of violence," for purposes of U.S.S.G. § 2K2.1(a)(2), is defined in U.S.S.G. § 4B1.2(a). *See* U.S.S.G. § 2K2.1 cmt. n.5. Section 4B1.2(a) defines the term "crime of violence" as follows:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . .
>
> (1)   has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2)   is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). The commentary to § 4B1.2(a) further describes the term:

> "Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against

the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted . . ., by its nature, presented a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2 cmt. n.1.

While "the question of whether an offense is a crime of violence is a question of *federal* law, because the federal law includes the possibility that a predicate offense may be a prior violation of state law, in considering such an offense, we look to *state* law to determine its nature and whether its violation is a crime of violence under federal law." *Pierce*, 278 F.3d at 286 (internal citation omitted). To make the determination, we apply the "categorical approach:" We analyze "only the definition of the offense," to determine "the nature of the offense" for federal purposes. *Id.* at 286. That is, we look to state law only to determine what the elements of the offense are, the ways in which the crime may be committed, and the dangers that may arise from the commission of the offense. We then consider those factors in determining whether the offense meets the federal definition of a "crime of violence." *Id.* at 287 ("[W]e look to state law to understand whether a conviction under state law *amounts* to a crime of violence *as defined by federal law*." (emphasis added)).[2]

---

[2]Jeffcoat argues that South Carolina's characterization of the offense should control how we characterize it for sentencing guidelines purposes, and that he was erroneously sentenced because South Carolina explicitly considers violations of § 16-15-140 to be nonviolent offenses. *See* S.C. Code Ann. § 16-1-60 (Law. Co-op. 2000) (listing violent crimes under South Carolina law, without mentioning § 16-15-140, and providing that "only those offenses specifically enumerated in this section are considered violent offenses"); *see also* S.C. Code Ann. § 16-1-70 (Law. Co-op. 2000) ("For purposes of South Carolina law a nonviolent crime is all offenses not enumerated in § 16-1-60."). The label placed upon the crime by South Carolina, however, is not relevant. *See Taylor v. United States*, 495 U.S. 575, 590 (1990) (noting that elements of state offenses are determinative regardless of technical definitions and labels under state law); *United States v. Raynor*, 939 F.2d 191, 195 (4th Cir. 1991) (holding that a state's characterization of an offense as a "felony" or a "misdemeanor" is irrelevant to whether the offense meets the *federal* definition

The South Carolina statute at issue, § 16-15-140, provides:

> It is unlawful for a person over the age of fourteen years to wilfully and lewdly commit or attempt a lewd or lascivious act upon or with the body, or its parts, of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of the person or of the child.

Thus, § 16-15-140 requires touching or a threat of physical contact "with the intent of appealing to the lust or passions" of the perpetrator. *State v. Norton*, 332 S.E.2d 531, 533 (S.C. 1985). The Supreme Court of South Carolina's interpretation of § 16-15-140 as describing child molestation, *see State v. Hardee*, 308 S.E.2d 521, 524 (S.C. 1983) ("The disjunctive phrases in [§ 16-15-140] are merely descriptive of the offensive act, child molesting."), demonstrates that the statute was intended to protect children, "the most vulnerable members of our society," *Pierce*, 278 F.3d at 288, from physical injury. Moreover, all South Carolina case law interpreting § 16-15-140 involves sexual touching or physical contact. *See Norton*, 332 S.E.2d at 532 (committing a lewd act upon a minor); *Hardee*, 308 S.E.2d at 525 (touching minor's private parts); *State v. McFarlane*, 306 S.E.2d 611, 612 (S.C. 1983) (fondling ten-year-old girl); *State v. Brock*, 516 S.E.2d 212, 213 (S.C. Ct. App. 1999) (touching nine-year-old girl's private parts); *State v. Sprouse*, 478 S.E.2d 871, 873 (S.C. Ct. App. 1996) (committing lewd act upon eight-year-old daughter); *South Carolina Dep't of Social Services v. Forrester*, 320 S.E.2d 39 (S.C. Ct. App. 1984) (sexually molesting twelve-year-old and eight-year-old nieces).

---

of those terms); *see also United States v. Sacko*, 247 F.3d 21, 25 (1st Cir. 2001) (noting that "because a state's classification of a crime generally reflects different policy considerations than the federal classification, it is simply not relevant to the determination of whether a crime is a 'violent felony'" under federal law); *United States v. Baskin*, 886 F.2d 383, 389 (D.C. Cir. 1989) (holding that a state offense is a crime of violence if it meets the sentencing guidelines' definition regardless of how the state may characterize the crime for its own purposes).

In *Pierce*, we addressed whether sex offenses involving minors under North Carolina's indecent liberties statute, N.C. Gen. Stat. § 14-202.1 (2000),[3] are "crimes of violence." The defendant in *Pierce* was convicted of bank robbery and sentenced as a career offender under U.S.S.G. § 4B1.1 on the ground that he had two prior felony convictions for crimes of violence, as defined in U.S.S.G. § 4B1.2. One of these convictions was for violating North Carolina's indecent liberties statute. *Pierce*, 278 F.3d at 284. Pierce argued on appeal that because the statutory language defining the offense did not require physical force or touching, his conviction was not a "crime of violence" for sentencing guidelines purposes. Analyzing this claim, we first noted that North Carolina's indecent liberties statute was enacted to protect children from "sexual abuse, a particularly pernicious form of personal injury," and requires neither physical force nor touching. *Id.* at 287. We further noted, however, that the sentencing guidelines provide a broad definition of "crimes of violence," including not only crimes that actually cause physical injury but also those that by their nature, "*could* cause physical injury." *Id.* (citation omitted). The North Carolina indecent liberties offense, like arson, burglary of a dwelling, attempted breaking and entering of a dwelling, escape from custody, and attempted escape (none of which requires physical harm or a touching), involves "conduct that inherently presents a risk of physical injury." *Id.* at 289. Like those crimes, we held, a violation of the North Carolina indecent liberties statute is categorically a crime of violence. *Id.* at 289.[4]

---

[3]Section 14-202.1(a) (2000) states:

A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question he either:

(1)   Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or

(2)   Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

[4]Alternatively, we held that a violation of the indecent liberties statute is a crime of violence because the statute also protects against a "forcible sex offense," which is specifically listed as a crime of violence under U.S.S.G. § 4B1.2 cmt. n.1. *Pierce*, 278 F.3d at 289 (noting that the North Carolina courts have consistently held that constructive force may be inferred in sexual abuse cases involving children).

Section 16-15-140 is nearly identical to the North Carolina indecent liberties statute at issue in *Pierce*. Like the North Carolina statute, the statute at issue here protects against conduct that presents a "serious potential risk of physical injury" — sexual abuse of minors. *See Pierce*, 278 F.3d at 288 (noting that "the statute is written in broad terms as part of its specific design to protect against the heightened risk of injury that comes when impressionable children are the victims"). Further, whereas the statute at issue in *Pierce* was applied to situations in which there was no touching or threat of physical contact, the South Carolina statute has only been applied in cases in which there was physical contact. The proposition that the crimes at issue here are "crimes of violence" is thus even stronger than it was in *Pierce*. Accordingly, we conclude that our decision in *Pierce* controls the outcome of this case. Because a violation of § 16-15-140 "presents a serious risk of physical injury to another," it constitutes a "crime of violence" for sentencing guidelines purposes.[5]

### III.

For the foregoing reasons, we affirm Jeffcoat's sentence.

*AFFIRMED*

---

[5]Jeffcoat asserts that, unlike the North Carolina courts' construction of the state's indecent liberties statute, the South Carolina courts do not have a history of applying the doctrine of "constructive force" to offenses under § 16-15-140, and thus his violation of § 16-15-140 is not a "crime of violence" because it is not a "forcible sex offense." Because either aspect of the definition of a "crime of violence" satisfies the sentencing guidelines, and because we previously determined that Jeffcoat's conviction under § 16-15-140 involves a serious risk of injury to another, we need not address Jeffcoat's contention that a violation of § 16-15-140 is not a forcible sex offense.