681 S.E.2d 1

**The STATE, Respondent,**

v.

**Amaurys Columbie FONSECA, Appellant.**

**No. 4552.**

Court of Appeals of South Carolina.

Heard Feb. 4, 2009.

Decided May 27, 2009.

Rehearing Denied Aug. 25, 2009.

---

**3.** We decide this case without oral arguments pursuant to Rule 215, SCACR.

Appellate Defender M. Celia Robinson, of Columbia, for appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General William M. Blitch, Jr., of Columbia, and Solicitor Donald V. Myers, of Lexington, for respondent.

THOMAS, J.:

Amaurys Columbie Fonseca appeals his conviction for the commission of a lewd act on a minor. The original indictment charged one count of a lewd act against a minor, but alleged two distinct incidents: one occurring in 2001 and another in 2003. By order of the court, the indictment was amended, and the State elected to proceed only on the 2003 lewd act. Appellant alleges it was error to: (1) permit the State to proceed under the amended indictment; (2) allow Victim to testify about the previous 2001 incident; and (3) admit a portion of Victim's testimony he asserts was hearsay, and impermissible bolstering. We affirm in part, reverse in part, and remand.

## FACTS

In 2007, Appellant was indicted on one count of committing a lewd act against a minor. The original indictment alleged that "on or between August 1, 2001 and October 30, 2003, [Appellant] willfully and lewdly [did] commit a lewd and/or lascivious act upon or with the body of" Victim. The indictment alleged two separate offenses: one in 2003, in which Appellant allegedly pushed Victim down and proceeded to rub himself in a sexual manner against her; and an earlier incident in 2001, in which Appellant allegedly lay beside Victim in bed and touched her beneath her underwear, rubbing her vagina, as well as exposing his penis to her.

Appellant was married to Victim's older sister, and the assaults occurred when Victim was visiting to help care for her

sister's children. It is alleged when Victim was ten years old, in 2001, Victim was lying on a couch at her sister's home when Appellant approached her and asked if she wanted to see his penis. Despite Victim declining, Appellant allegedly exposed his penis to her at which time she retreated to a bedroom and pretended to be asleep. Appellant followed Victim to the bedroom; laid beside her on the bed; touched her beneath her underwear; and began "feeling" and "groping" her genitals. Victim did not immediately tell anyone of this incident.

Victim continued to visit until 2003 without incident. In 2003, when Victim was twelve years old and visiting her sister's home, her sister asked her to retrieve something from another room. Appellant followed Victim into the other room, and when Victim bent over to pick up an item, Appellant pushed her down, pulled her legs apart, and although fully clothed, put his genitals up against hers in a manner simulating intercourse. After Victim threatened to scream, Appellant ceased the assault.

Upon Appellant's motion, the trial court required the State to elect which allegation it wished to pursue at trial. The State indicated it wished to pursue the 2003 allegation, and the indictment was modified. However, the trial court permitted Victim to testify about the 2001 incident, allowing the testimony as evidence of motive and intent. The trial court found the 2001 incident did not establish a common scheme or plan but it did serve to demonstrate Appellant's intent in the 2003 sexual acts was for the purpose of gratifying his lust, passion, or sexual desires.

Sometime after the 2003 incident, Victim told a friend, and later the friend's mother about the sexual assault. During Victim's cross-examination, Appellant elicited testimony that Victim had denied the incident when first confronted by her friend's mother. On redirect, the State sought to establish how much time elapsed between Victim's initial denial and later disclosure of the assault. Appellant objected on the basis of hearsay and impermissible bolstering. The trial court allowed the testimony based on counsel's cross-examination opening the door and the closeness in time of the two events. Additionally, the court opined "it [was] very very relevant."

Victim's sister testified at trial on behalf of Appellant as his only witness. She stated she never heard or saw anything occur between Appellant and Victim.

The jury convicted Appellant of the commission of a lewd act on a minor. This appeal followed.

## STANDARD OF REVIEW

In criminal cases, the appellate court sits to review errors of law only. *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006). Thus, an appellate court is bound by the trial court's factual findings unless they are clearly erroneous. *Id.*

## LAW/ANALYSIS

### I. INDICTMENT

Appellant avers the trial court erred in allowing the State to proceed under the amended indictment. We disagree.

#### A. Error Preservation

■ Initially, we address the State's contention that Appellant's issue is not preserved for review. We find the issue is preserved.

■ The sufficiency of an indictment is *not* a matter of subject matter jurisdiction, and thus cannot be raised at anytime. *State v. Gentry*, 363 S.C. 93, 101, 610 S.E.2d 494, 499 (2005) ("[S]ubject matter jurisdiction of the circuit court and the sufficiency of the indictment are two distinct concepts.") (emphasis added). An objection to the sufficiency of an indictment must be made before the jury is sworn as provided by section 17–19–90 of the South Carolina Code of Laws. An objection to the sufficiency of the indictment made after the jury is sworn is untimely. *Gentry*, 363 S.C. at 101–02, 610 S.E.2d at 499.

Here, Appellant first argued to the trial court the original indictment should be severed. The court agreed and instructed the State to elect which incident to prosecute. The indictment was amended once the State chose to proceed on the 2003 incident. Accordingly, the next question was whether the 2001 incident was admissible as a prior bad act. The

Court heard Victim's proffered testimony and arguments from counsel, and ultimately admitted the 2001 incident as evidence. Immediately following the court's ruling, and prior to the jury being sworn, Appellant objected:

> Your Honor, for the record, the indictment has been considerably changed and excised and so forth, and I understand the Court is putting in the August date. So it runs August 1 to October 30, I believe of 03, being the relevant dates for the charged offense.

> We would submit this type of date change, although the other language was in there, we would submit that the change to the indictment is such that from a due process standpoint, we feel like this indictment has not been presented to a grand jury, and we would object to the lack of presentment at this time.

We find this objection properly preserves this issue for appeal.

**B. Sufficiency of the Indictment**

 Appellant argues the trial court erred in allowing the State to proceed under the amended indictment, arguing it provided insufficient notice. We disagree.

 An indictment is a notice document. *Id.* at 101, 610 S.E.2d at 499. "The primary purpose[ ] of an indictment [is] to put the defendant on notice of what he is called upon to answer, *i.e.*, to apprise him of the elements of the offense and to allow him to decide whether to plead guilty or stand trial, and to enable the circuit court to know what judgment to pronounce if the defendant is convicted." *Evans v. State*, 363 S.C. 495, 508, 611 S.E.2d 510, 517 (2005). An indictment may be amended if: (1) it does not change the nature of the offense; (2) the amended charge is a lesser included offense of the original crime charged in the indictment; or (3) the defendant waives presentment to the grand jury and pleads guilty. *State v. Myers*, 313 S.C. 391, 393, 438 S.E.2d 236, 237 (1993).

Here, the substance and nature of the crime charged was not affected by amending the indictment. Appellant conceded the language in the amended indictment was the same as the original. The only change made to the indictment concerned the year of the alleged act. Therefore, the amendment did

not prejudice Appellant. *State v. Horton*, 209 S.C. 151, 155, 39 S.E.2d 222, 223–24 (1946) (permitting the striking through of "surplusage" in an indictment where the amendment worked no prejudice on the defendant). Thus, we find the amended indictment provided Appellant with sufficient notice.

## II. Prior Bad Act

Appellant avers the trial court erred in allowing evidence of his prior 2001 "bad act" under *State v. Lyle*, 125 S.C. 406, 118 S.E. 803 (1923), and Rule 404(b), SCRE. We agree.

### A. Motive and Intent

 Generally, "evidence of other distinct crimes committed by the accused may not be adduced merely to raise an inference or to corroborate the prosecution's theory of the defendant's guilt of the particular crime charged." *Lyle*, 125 S.C. at 415, 118 S.E. at 807. However, there are certain well-established exceptions to this general rule:

[E]vidence of other crimes is competent to prove the specific crime charged when it tends to establish, (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others; (5) the identity of the person charged with the commission of the crime on trial.

*Id.;* Rule 404(b), SCRE ("Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may however, be admissible to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent.").

Here, the trial court found the evidence of Appellant's prior bad act admissible to show motive or intent under the *Lyle* exception and Rule 404. Although *Lyle* does not distinguish between sexual offenses and non-sexual offenses, the common trend in South Carolina is to apply the *Lyle* exceptions differently to sexual offenses. *Compare Lyle*, 125 S.C. 406, 118 S.E. 803 (a forgery case), to *State v. Nelson*, 331 S.C. 1, 501 S.E.2d 716 (1998) (a child molestation case, distinguishing

the application of the *Lyle* exceptions for motive and intent from cases that were not sexual in nature).

The exceptions of motive and intent are closely related, especially in the prosecution of a sex crime. Due to the unfortunate frequency in which this issue arises, we take this opportunity to address the applicability of the motive and intent exceptions of *Lyle* and Rule 404, SCRE, in the context of sex crimes.

In *Nelson,* our supreme court noted there is little doubt the motivation behind a sex crime is, at least in part, sexual gratification. *Nelson,* 331 S.C. at 10–11, 501 S.E.2d at 721. In finding evidence inadmissible to prove motive for the sexual offense, the *Nelson* court stated:

> [T]he motive for the alleged crimes involved in the present case [is] apparent. A person commits or attempts to commit [a sexual offense] for the obvious motive of sexual gratification. Since motive cannot be deemed to have been a material issue at [defendant's] trial ... testimony [as to prior bad acts] was not admissible to prove [intent].

*Id.* at 11, 501 S.E.2d at 721 (citing *State v. Smith,* 84 Ohio App.3d 647, 617 N.E.2d 1160, 1172 (1992)) (internal citations omitted).[1]

As in *Nelson,* Appellant was accused of a sexual offense (lewd act on a minor), and his motive was not made a material issue at trial. Therefore, we find the introduction of the prior bad act under the motive exception provided in *Lyle* and Rule 404 was error.

Similar reasoning is applicable to the exception of intent. *See Nelson,* 331 S.C. at 11, 501 S.E.2d at 721 ("In the trial of sex offenses, extrinsic evidence of intent is admissible only in those cases where there is no challenge to the occurrence of the physical contact itself, but the intent of the actor is at issue because the nature of the contact is subject to varying interpretations") (quoting *People v. Bagarozy,* 132 A.D.2d 225, 236, 522 N.Y.S.2d 848, 854 (N.Y.App.Div.1987), wherein the

---

1. *Nelson* distinguishes *State v. Bell,* 302 S.C. 18, 393 S.E.2d 364 (1990), and *State v. Johnson,* 306 S.C. 119, 410 S.E.2d 547 (1991), where prior bad acts were permitted to demonstrate motive in non-sexual cases.

court found intent was not an issue when the appellant denied any sexual contact).

Thus, as in *Nelson,* because Appellant denies that the contact ever occurred, intent was not made a material issue. Furthermore, because intent is an element of most crimes, if we hold this evidence admissible, prior sexual acts would be admissible to prove the required intent in all prosecutions of subsequent sex crimes. Such is a thin disguise for impermissible character evidence and would undermine the protections of Rule 404. Without motive or intent being a material issue, it is error to admit prior bad acts as evidence of the same in a sexual crime. Thus, it was error to allow evidence of the 2001 incident as evidence of motive or intent.

### B. Common Scheme or Plan

■ The State argues as an additional sustaining ground, the 2001 incident should be permitted to show a common scheme or plan. We disagree.

The State provides no compelling argument of any similarities between the two occurrences,[2] or any argument to overcome the fact that the incidents are remote in time. Accordingly, the State's argument is without merit. *See State v. Cheeseboro,* 346 S.C. 526, 546, 552 S.E.2d 300, 311 (2001) (finding "[a] close degree of similarity or connection between the prior bad act and the crime for which the defendant is on trial is required to support admissibility under the common scheme or plan exception" and remoteness between the two alleged acts is a factor to consider); *State v. Kirton,* 381 S.C. 7, 9, 671 S.E.2d 107, 117 (Ct.App.2008) (holding a common scheme or plan requires similarity between the prior act and the charged act that increases the probative value of the evidence); *State v. Aiken,* 322 S.C. 177, 180, 470 S.E.2d 404, 406 (Ct.App.1996) (noting the more similar the prior act is to the charged act, the more likely the evidence will be admissible); *State v. McClellan,* 283 S.C. 389, 392, 323 S.E.2d 772, 774 (1984) (finding prior bad acts are admissible when close simi-

---

2. The State avers that the fact that both of the incidents occurred in Appellant's marital home while his wife was in the other room, demonstrates that the Appellant had a common scheme or plan to attack the victim while his wife was not present or was in the other room.

larity between the acts enhances the probative value of the evidence so as to outweigh the prejudice); *State v. Stokes*, 279 S.C. 191, 193, 304 S.E.2d 814, 815 (1983) (holding to allow evidence as demonstrative of a common scheme or plan requires more than merely the commission of two similar crimes); *see also Kirton*, 381 S.C. at 10, 671 S.E.2d at 117 ("The common scheme or plan exception 'is generally applied in cases involving sexual crimes, where evidence of acts prior and subsequent to the act charged ... is held admissible as tending to show continued illicit intercourse between the same parties.'") (citing *State v. Whitener*, 228 S.C. 244, 265, 89 S.E.2d 701, 711 (1955)).

### C. Harmless Error

■■■ The State also contends if it was error to allow the testimony, any error was harmless. We disagree.

To deem an error harmless, this court must determine "beyond a reasonable doubt the error complained of did not contribute to the verdict obtained." *Taylor v. State*, 312 S.C. 179, 181, 439 S.E.2d 820, 821 (1993) (citing *Arnold v. State*, 309 S.C. 157, 172, 420 S.E.2d 834, 842 (1992)) (internal quotations omitted). However, when "guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached," an insubstantial error not affecting the verdict will be deemed harmless. *State v. Pagan*, 369 S.C. 201, 212, 631 S.E.2d 262, 267 (2006). Due to the prejudicial tendency of admitting the prior bad act testimony, we cannot find beyond a reasonable doubt that the verdict was not affected by the evidence. Accordingly, this error was not harmless.

### C. Other Issues

In light of our decision that it was error to permit the evidence of the 2001 prior bad act, we need not address Appellant's remaining arguments on appeal. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address remaining issues when a decision on a prior issue is dispositive); *Whiteside v. Cherokee County Sch. Dist. No. One*, 311 S.C. 335, 340, 428 S.E.2d 886, 889 (1993) (holding the

appellate court need not address all issues when decision on a prior issue is dispositive).

## CONCLUSION

Accordingly, the decision of the circuit court is, **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

SHORT and GEATHERS, JJ., concur.