THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Donald Thomas Wetherall, Appellant.
 
 
 

Appeal From Laurens County
 J. Cordell Maddox, Jr., Circuit Court
Judge

Unpublished Opinion No. 2009-UP-340
 Submitted June 1, 2009  Filed June 15,
2009    

AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior
 Assistant Attorney General Norman Mark Rapoport, of Columbia, for Respondent.
 
 
 

PER CURIAM: Donald
 Thomas Wetherall appeals from
 a jury verdict finding him guilty of (1)
 assault with intent to commit first-degree criminal sexual conduct (ACSC) with
 a minor and (2) committing a lewd act upon a child.  Wetherall argues the
 circuit court erred in submitting the ACSC charge to the jury and in denying
 his request to present evidence of the victim's medical history.  We affirm pursuant to Rule 220(b)(1), SCACR, and the
 following authorities: 
1. Regarding Wetherall's claim the circuit court
 erred in submitting the ACSC charge to the jury:  State v. Cribb,
 310 S.C. 518, 523, 426 S.E.2d 306, 309 (1992) (internal citations omitted)
 ("A lesser included offense is one that requires no proof beyond that
 which is required for conviction of the greater offense.  The greater offense
 must include all the elements of the lesser."); State v. Sosbee,
 371 S.C. 104, 109, 637 S.E.2d 571, 573 (Ct. App. 2006) ("An assault with
 intent to commit criminal sexual conduct with a minor in the first-degree is
 more aptly designated as an 'attempt' to commit criminal sexual conduct with a
 minor."); State v. Brock, 335 S.C. 267, 272, 516 S.E.2d 212, 214-15 (Ct. App.
 1999) (stating the offense of ACSC first-degree with a minor requires the
 victim to be under the age of eleven, an assault to occur, and "the
 perpetrator must act with intent to commit a sexual battery").
2.  Regarding Wetherall's claim the circuit court erred in
 failing to allow him to present evidence of medical tests conducted on the victim
 two years after his alleged criminal acts:  State v. Brock, 335 S.C. 267, 272, 516 S.E.2d 212, 215 (Ct. App. 1999)
 (citing State v. Aiken, 322 S.C. 177, 470 S.E.2d 404 (Ct. App. 1996))
 ("The admission or rejection of evidence is largely within the sound
 discretion of the trial judge, and the trial judge's decision will not be
 disturbed on appeal absent an abuse of discretion."); Rule 401, SCRE (" 'Relevant evidence' means evidence
 having any tendency to make the existence of any fact that is of consequence to
 the determination of the action more probable or less probable than it would be
 without the evidence.").  
AFFIRMED.[1]
HUFF, PIEPER,
 and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.