711 S.E.2d 906

**The STATE, Petitioner,**

v.

**Amaurys C. FONSECA, Respondent.**

No. 26994.

Supreme Court of South Carolina.

Heard Feb. 1, 2011.

Decided June 27, 2011.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General William M. Blitch, Jr., all of Columbia, and Solicitor Donald V. Myers, of Lexington, for Petitioner.

Appellate Defender Tristan M. Shaffer, of South Carolina Commission on Indigent Defense, of Columbia, for Respondent.

Justice PLEICONES.

We granted certiorari to review the decision of the Court of Appeals and now affirm that well-reasoned opinion. *State v. Fonseca*, 383 S.C. 640, 681 S.E.2d 1 (Ct.App.2009). The Court of Appeals properly held that the circuit court erred in permitting the State to introduce evidence of the 2001 incident, and properly summarily disposed of the State's additional sustaining ground [1], and in so doing anticipated our decision in *State v. Wallace*, 384 S.C. 428, 683 S.E.2d 275 (2009). Finding no error in the Court of Appeals' decision, we adopt it as our own and therefore

**AFFIRM.**

BEATTY, KITTREDGE and HEARN, JJ., concur.

TOAL, C.J., dissenting in a separate opinion.

---

1. The dissent would rely upon Rule 220(c), SCACR, which allows this Court to affirm an appeal for any reason appearing in the record, to reverse the decision which we are reviewing.

Chief Justice TOAL.

I respectfully dissent. I would reverse the court of appeals and affirm the circuit court's ruling allowing the victim's testimony regarding the 2001 incident.

Amaurys C. Fonseca (Respondent) was married to the minor victim's older sister. The minor victim often went to Respondent's house after school to babysit for her sister. Respondent was indicted for lewd act with a minor in an indictment covering the dates of August 1, 2001 to October 31, 2003, and alleging two separate incidents of abuse. The State elected to proceed on the 2003 allegation. During the trial, the victim testified about both the 2003 incident and the 2001 incident. Over defense counsel's objections, the circuit court judge allowed the victim to testify as to the 2001 incident, ruling her testimony was admissible under Rule 404(b), SCRE, and *State v. Lyle*, 125 S.C. 406, 118 S.E. 803 (1923), as evidence of motive, intent, and lack of accident or mistake. Respondent was found guilty for committing a lewd act upon a child under the age of 16, and was sentenced to incarceration for a period of 15 years.

The court of appeals reversed his conviction, reasoning the circuit court erred in allowing the victim's testimony because under *State v. Nelson*, 331 S.C. 1, 501 S.E.2d 716 (1998), testimony to show motive or intent in a sex offense prosecution is only admissible when the defendant denies touching the victim and the act alleged is subject to varying interpretations. *State v. Fonseca*, 383 S.C. 640, 647–49, 681 S.E.2d 1, 4–5 (Ct.App.2009). Further, the court of appeals found the error not to be harmless. *Id.* at 650, 681 S.E.2d at 6.

The court of appeals also rejected as an additional sustaining ground the State's contention that the testimony was admissible as evidence of the existence of a common scheme or plan. *Id.* at 649–50, 681 S.E.2d at 5–6. The court of appeals disposed of this argument, stating, "The State provides no compelling argument of any similarities between the two occurrences, or any argument to overcome the fact that the incidents are remote in time." *Id.* at 649, 681 S.E.2d at 5. I disagree and would hold the facts are sufficient to support the introduction of the victim's testimony under the common scheme or plan exception.

"Evidence of other crime, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Rule 404(b), SCRE. However, such evidence may be admissible to show: (1) motive, (2) identity, (3) the existence of a common scheme or plan, (4) the absence of mistake or accident, or (5) intent. *Id.; Lyle*, 125 S.C. at 415, 118 S.E. at 807. "When determining whether evidence is admissible as common scheme or plan, the trial court must analyze the similarities and dissimilarities between the crime charged and the bad act evidence to determine whether there is a close degree of similarity." *State v. Wallace*, 384 S.C. 428, 433, 683 S.E.2d 275, 277–78 (2009). "When the similarities outweigh the dissimilarities, the bad act evidence is admissible under Rule 404(b)." *Id.* at 433, 683 S.E.2d at 278. The following factors should be considered when determining whether a close degree of similarity exists: (1) the age of the victims when the abuse occurred; (2) the relationship between the victims and the perpetrator; (3) the location where the abuse occurred; (4) the use of coercion or threats; and (5) the manner of the occurrence, for example, the type of sexual battery. *Id.* at 433–34, 683 S.E.2d at 278. The above list is not exhaustive and other factors may be relevant in determining whether the similarities outweigh the dissimilarities. *Id.*

The facts of this case, to my mind, are a compelling example of the type of continuous illicit conduct the common scheme or plan exception is intended to cover. The two instances of sexual battery in this case involved the same victim, occurred at Respondent's home when the victim was helping her sister, occurred after Respondent followed victim into another room where he could be alone with her, and involved similar acts of touching the victim's genital area in a sexual manner.

Although the 2001 incident was arguably more severe than the 2003 incident, I do not find this dissimilarity dispositive. The fact that the victim interrupted and terminated the 2003 incident by threatening to scream for help should not prevent this Court from recognizing the overwhelming similarities between these two incidents. *See State v. Wallace*, 384 S.C. 428, 435, 683 S.E.2d 275, 278 (2009) (recognizing that an interruption of the abuse before it could escalate does not diminish the similarities between the incidents). Additionally, I am not persuaded the "remoteness in time" of the two

incidents operates in any way to make the victim's testimony inadmissible. The testimony at trial, elicited by both the prosecution and the defense, established that Respondent very seldom was alone around the victim and had very few opportunities to assault her. In fact, it is undisputed that Respondent's wife, the victim's sister, was in another room of the house on each occasion and never left Respondent and the minor victim completely alone in their house.

For these reasons, I dissent from the majority's opinion and would reverse the court of appeals. Because this Court can affirm for any ground appearing in the record, Rule 220(c), SCACR, I would affirm the circuit court's ruling that the testimony was admissible, but clarify the admissibility is proper under the common scheme or plan exception rather than the motive or intent exceptions.