**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

John B. Campbell, Appellant.

Appellate Case No. 2009-136346

───────────────

Appeal From Marlboro County
Edward B. Cottingham, Special Circuit Court Judge

───────────────

Unpublished Opinion No. 2012-UP-481
Heard June 6, 2012 – Filed August 8, 2012
Withdrawn, Substituted and Refiled October 3, 2012

───────────────

**AFFIRMED**

───────────────

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney Mark R. Farthing, all of Columbia; and Solicitor William B. Rogers, Jr., of Bennettsville, for Respondent.

───────────────

**PER CURIAM:** John B. Campbell appeals his conviction for attempted kidnapping. He argues the trial court erred in admitting evidence of two prior convictions involving assaults on women under the common scheme or plan and intent exceptions in Rule 404(b), SCRE. He also appeals the trial court's denial of his motion for directed verdict, contending the State failed to present evidence of an act in furtherance of an intent to kidnap. We affirm based on Rule 220(b)(1), SCACR, and the following authorities: *State v. Lyle*, 125 S.C. 406, 417, 118 S.E. 803, 807 (1923) ("If [evidence of prior bad acts] is logically pertinent in that it reasonably tends to prove a material fact in issue, it is not to be rejected merely because it incidentally proves the defendant guilty of another crime."); *State v. Fonseca*, 383 S.C. 640, 649, 681 S.E.2d 1, 5 (Ct. App. 2009) (indicating that when motive or intent is a material issue, admitting evidence of prior bad acts is not error); *State v. Nelson*, 331 S.C. 1, 11, 501 S.E.2d 716, 721 (1998) (suggesting extrinsic evidence of intent is admissible in cases when the intent of the actor is at issue because the nature of the contact is subject to varying interpretations); *State v. Sutton*, 340 S.C. 393, 397, 532 S.E.2d 283, 285 (2000) (finding attempt is a specific intent crime and requires proof the act constituting the attempt was done with the intent to commit the particular crime); *State v. Hamilton*, 344 S.C. 344, 358, 543 S.E.2d 586, 594 (Ct. App. 2001) ("If judicial self-restraint is ever desirable, it is when a Rule 403 analysis of a trial court is reviewed by an appellate tribunal."), *overruled on other grounds by State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494 (2005); *State v. Gilchrist*, 329 S.C. 621, 630, 496 S.E.2d 424, 429 (Ct. App. 1998) ("Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis." (citation omitted)); *State v. Johnson*, 306 S.C. 119, 126, 410 S.E.2d 547, 552 (1991) (explaining the purpose of a limiting instruction regarding prior bad act evidence is "to protect against a jury convicting a defendant just because he has committed other crimes and not because it has been proven that he is guilty of the crime for which he is accused"); *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *id.* (holding when reviewing a denial of a directed verdict, an appellate court views the evidence and all reasonable inferences in the light most favorable to the non-moving party); *id.* at 292-93, 625 S.E.2d at 648 ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the [c]ourt must find the case was properly submitted to the jury."); *State v. Nesbitt*, 346 S.C. 226, 231, 550 S.E.2d 864, 866 (Ct. App. 2001) ("[T]he

State must prove that the defendant's specific intent was accompanied by some overt act, beyond mere preparation, in furtherance of the intent, and there must be an actual or present ability to complete the crime."); *id.* at 231, 550 S.E.2d at 866-67 (stating "act" is to be "liberally construed" and "need not be the last proximate step leading to the consummation of the offense" (quoting *State v. Quick*, 199 S.C. 256, 259, 19 S.E.2d 101, 102 (1942))); *State v. Green*, 397 S.C. 268, 285, 724 S.E.2d 664, 672-73 (2012) (finding defendant's solicitation of minor on internet and timely arrival at prearranged location sufficient evidence of intent and an overt act to overcome directed verdict in attempted criminal sexual conduct with a minor case); *State v. Reid*, 393 S.C. 325, 331-32, 713 S.E.2d 274, 277 (2011) (affirming trial court's denial of directed verdict in attempted criminal sexual conduct with a minor case when evidence showed defendant solicited minor on internet and traveled to a predetermined destination for encounter); S.C. Code Ann. § 16-3-910 (2003) (defining kidnapping as the unlawful seizure, confinement, inveigling, decoying, kidnapping, abducting or carrying away of any other person by any means whatsoever without authority of law); *State v. Stokes*, 345 S.C. 368, 373 n.6, 548 S.E.2d 202, 204 n.6 (2001) ("Inveigling has also been defined as 'enticing, cajoling, or tempting the victim, usually through some deceitful means such as false promises.'" (quoting *United States v. Macklin*, 671 F.2d 60, 66 (2d Cir. 1982))).

**AFFIRMED.**

**PIEPER, KONDUROS, and GEATHERS, JJ., concur.**